D. M. KEY, plaintiff in error, *vs.* ISAIAH J. HARLAN, defendant in error.

A will executed in Tennessee by a citizen of that state, which conveys real property, and which is attested by only two witnesses, although such attestation is sufficient by the laws of Tennessee, and it has been admitted to probate there, cannot be offered for probate in this state, or pleaded in bar to prevent the grant of administration on land belonging to the testator, situate in Georgia.

Wills. Administrators and executors. Before Judge UNDERWOOD. Walker Superior Court. February Term, 1874.

The question made in this case is sufficiently presented by the above head-note.

E. M. DOBSON, for plaintiff in error.

W. H. PAYNE; J. E. SHUMATE, for defendant.

TRIPPE, Judge.

Plaintiff in error relies on the case of *Doe ex dem. Dooly vs. Roe and McCurley*, 31 *Georgia*, 593.   It was there held that an exemplified copy of a will executed, published, probated, and recorded, as a last will and testament in the state of Maryland, may be a good muniment of title to real estate in Georgia, though the will was not probated or recorded in this state.   Upon examination of that case it will be seen that no question arose as to the attestation of the will by the number of witnesses required by the laws of Georgia.   The court distinctly says, in the opinion as pronounced, that the instrument did not appear on the record, and that it was stated in the bill of exceptions that it was admitted to probate and record in Maryland, and "was duly certified as an exemplification from another state:"  See Story on Conflict of Laws, section 609, *et seq.*, as to how far and to what extent such a judgment may reach as to the subject matter to be controlled by it.   The constitution of the United States did not·mean to confer any new powers upon the states by the provision in reference to the credit to be given to the records, etc., of other states.   It did not make the judgments of other states domestic judgments, to all intents and purposes, but only gave a general credit to them as evidence :  Story, *Ibid.*  The controlling question in this case did not arise in *Dooly vs. McCurley*, and the only point in that case which could apply to this is, that the probate and record in Georgia was not necessary to make the will evidence here as a muniment of title. All this may be true, provided the will, when it disposes of real property, is executed according to the solemnities required by the laws of Georgia.   The doctrine is too well established to be shaken without legislative authority, that the law of the place where the land is situate, governs in the matter of the forms and solemnities requisite to give effect to a will designed to operate on the same: Story Con. of L., sections 474, 609, and authorities cited; 3 Wash. on Real Prop., 682; 6 Wheat., 577; 9 *Ibid.*, 565; 10 *Ibid.*, 192.   To this

point numberless authorities might be cited, showing it to be the settled doctrine governing all conveyances, under the common law, that they must conform to the law of the *situs.* Some of the states of the union have changed the rule, and a will, by the law of Massachusetts, as well as of other states, made according to the forms prescribed by the state where the testator resides, may be admitted to probate in the state where the land is situate: 3 Wash. R. Prop., 682. But we have no such statute in Georgia, and without it the old rule prevails, to-wit: that the laws of Georgia control, as to the execution of all conveyances to land situate in Georgia.

Judgment affirmed.