## KNIGHT *v.* WHEEDON.

</div>

A will conveying both realty and personalty, executed in a foreign State according to its laws and there admitted to probate, may in like manner be admitted to probate in this State upon production of an exemplification of the probate proceedings duly certified, notwithstanding such will may not have been executed in conformity to the laws of this State. Such an instrument, however, is not a good will in so far as it attempts a devise of realty located in this State.

<div align="center">

Submitted February 24,—Decided May 24, 1898.

</div>

Probate of will—appeal. Before Judge Beck. Pike superior court. March term, 1897.

*J. F. Redding* and *R. T. Daniel*, for plaintiff in error.
*James S. Boynton* and *S. J. Hale*, contra.

LEWIS, J. Lucy A. Seamans died a resident of Kentucky, and while living there executed a will conveying both real and personal property situated in this State. This will was attested by only two witnesses. The will was executed in conformity to the laws of the State of Kentucky and was duly probated in that State. Mrs. Emma W. Wheedon, the executrix named in the will, offered the same for probate in her petition to the ordinary of Pike county in this State where the property devised and bequeathed in the will is located, and produced a duly certified exemplification of the probate proceedings that were had in the State of Kentucky. The case was appealed to the superior court of Pike county. The plaintiff in error demurred to the petition for probate, upon several

grounds, which demurrer was overruled. The only ground insisted upon here is, that the paper sought to be set up was not a will under the laws of Georgia, because it was attested by only two witnesses. This demurrer was overruled, and plaintiff in error excepted.

As a general rule, which is perhaps universal in its application, except where changed or modified by statute, the validity of the execution of a will conveying personal property depends upon the law of the place of the testator's residence at the time of his death; but as to a devise of real estate the lex loci rei sitæ governs. If, therefore, a will bequeathing personalty is executed according to the laws of the State where the testator resided, it is a sufficient bequest of such personalty, although it may not conform to the laws of the State where the personal property happens to be actually located at the time of the death of the testator. On the other hand, if such a will undertakes to devise lands in another State, the law of the State where the lands are located must be strictly followed in the execution of the will; otherwise it is no testament at all as to such realty. See Political Code, § 8; *Latine* v. *Clements,* 3 *Ga.* 426, 432; *Key* v. *Harlan,* 52 *Ga.* 476; 3 Am. & Eng. Enc. L. 630, 632, and numerous authorities there cited.

The only question remaining for consideration is, whether or not the legislature of this State has changed this general principle of law relating to the execution of wills. By an act approved December 24, 1886 (Acts 1886, p. 32), it is provided, that "any last will and testament made by a person competent to make a will under the laws of Georgia, resident and a citizen of any of the United States other than the State of Georgia, and which may be construed to dispose of real or personal property in this State, shall be admitted to probate in any county of this State where any of the property disposed of by said will may be at the time such probate is sought: *provided,* that said last will and testament shall have been in all respects executed in accordance with the laws of the State in which he resided at the time of the execution; and *provided further,* that probate of said will shall have been made in solemn or final form in the State where the testator resided, and admitted to

record as the last will and testament of the testator according to the laws of that State." The act then goes on to provide how such a will may be probated in this State. We do not think it necessary to consider the question as to whether or not it was the legislative intent by this act to change the rule with reference to the execution of foreign wills. To say the least of it, such intention is by no means clearly manifested from the act itself. This law was evidently superseded by the act approved November 13, 1889 (Acts 1889, p. 190). There it is clearly manifest from the first section of the act that foreign wills conveying realty in this State can not be admitted to probate here unless attested according to the laws of this State, but such will conveying personalty in this State can be admitted to probate here if attested "as are wills of personal estate in the State where the testator resides." The act of 1889, however, has been in turn superseded by the act approved December 17, 1894 (Acts 1894, p. 102), now embodied in sections 3298 et seq. of the Civil Code. It is insisted by counsel for the defendant in error, that this act of 1894 changes the former rule upon the subject, because section 4 of the act (Civil Code, § 3301) expressly provides for probate of a foreign will upon production of an exemplification of the probate proceedings duly certified, and that it can only be resisted as other judgments of a sister State may be attacked. We must construe that section in connection with what precedes. By section 2 (Civil Code, § 3299) it is provided that if any realty in this State is devised or bequeathed by the terms of any foreign will, such foreign will may be admitted to probate in any county in this State in which such property is situated, *provided* such foreign will is in writing, attested and executed according to the laws of this State. The next section provides that such foreign will may be admitted to probate by testimony in open court or by interrogatories, etc. Then follows the section that "if said foreign will has been admitted in common or solemn form in the State in the United States of which the testator was a resident at the time of his death, it may be admitted to probate in like common or solemn form in this State, upon production of an exemplification of the probate proceedings," etc. What is meant by the terms "said

foreign will" in the last-named section? Evidently, the will referred to in the preceding provisions of the act; that is, a will executed by persons residing out of this State, which *as to realty* must be *"attested and executed according to the laws of this State."* The entire act should be so construed as that all its provisions will stand, unless it is impossible from the terms used to reconcile the different provisions of the act. To place the construction on section 4 insisted upon by counsel for the defendant in error would amount to a repeal of section 2, which provides, in effect, that a foreign will as to a devise of realty can not be probated in this State unless executed according to its laws. The purpose of the act of 1894 was not to change the general rule of law in relation to the execution of wills, but it was simply to provide an additional method of admitting to probate in this State wills executed and proven in another jurisdiction. The act simply changes the law of evidence on the subject. We therefore think that the will in question, being attested by only two witnesses, is inoperative so far as it undertakes to devise lands in this State; but inasmuch as the will bequeaths personal property and has been executed according to the laws of the State of the residence of the testatrix, we think it should have been admitted to probate as a muniment of title to such personalty; and the court therefore did not err in overruling the demurrer to the petition.

*Judgment affirmed. All the Justices concurring.*