OETJEN et al. v. OETJEN, executor.

In the left-hand corner of the last sheet upon which a will was written appeared this entry : " This my will and testament is of no avail and null and void." The entry was signed by the testator and dated, but the names of no subscribing or attesting witnesses appear signed thereto ; nor was the entry written in such a manner as to obliterate or cancel any material portion of the will. *Held*, that such entry did not have the effect of revoking the will.

Submitted May 1, — Decided July 22, 1902.

Appeal. Before Judge Brinson. Richmond superior court. January 17, 1902.

*William H. Barrett* and *Irvin Alexander,* for plaintiffs in error, cited 29 Am. & Eng. Enc. L. 267, 270, 279 ; 1 Redf. Wills, 306, 317, 318, 320 ; Abb. Tr. Ev. § 53 ; 4 Kent's Com. 533 ; 2 W. Bl. 1043 ; 6 Ad. & El. 209 ; 9 Cow. 208 ; 25 N. Y. 9 ; 11 Ind. 95 ; 3 McCord, 282 ; 15 N. J. Eq. 290 ; 22 Id. 463 ; 32 Vt. 62 ; 37 Vt. 356 ; 58 Pa. St. 244; 2 Conn. 67 ; 2 Nott & McCord, 272, 10 Am. Dec. 601 ; 1 Jones L. (N. C.) 197, 59 Am. Dec. 585 ; 15 Pick. 388 ; 19 So. 283 ; Myr. Prob. (Cal.) 128 ; 40 Am. Rep. 273 ; 48 Id. 242 ; 32 *Ga.* 156 ; 43 *Ga.* 160 ; 72 *Ga.* 625 ; Civil Code, § 3343.

*J. R. Lamar,* contra, cited Civil Code, § 3342 ; 43 *Ga.* 157 ; 1 Jarm. Wills (Bigel.), § 142 a ; 1 Redf. Wills, 318 ; 1 Und. Wills, 228–9, 314 ; 60 Wis. 197, 18 N. W. 734 ; 2 Watts & S. 455 ; 6 Jur. 56 ; 2 Russ. 90 ; 89 *Ga.* 490 ; 94 *Ga.* 808.

COBB, J. In the case of *Howard* v. *Hunter,* 115 *Ga.* 357, this court held that in order for a written entry upon a will to operate as a revocation thereof, it must have either been attested in the same manner and with the same formality as is required for the execution of a will, or the entry must have been written upon the will in such a manner as to obliterate or cancel some material portion of the will. The facts of the present case are almost identical with those of the case just referred to ; the only difference being that one word of the entry in the present case was written across one word in the last line of the will. This word was in a sentence which stated merely that a word in the will had been changed before signing. It thus appears that no material portion of the will was obliterated, even if the mere writing across a word in a will, leaving the same perfectly legible, could be said to be an oblitera-

tion or cancellation within the meaning of the statute which provides that a will may be revoked by cancelling some material portion thereof. The case is upon its facts absolutely controlled by the decision in *Howard* v. *Hunter.*

*Judgment affirmed. All the Justices concurring, except Lewis,. J., absent.*