### CASTENS *v.* MURRAY *et al.*

1. In order to revoke a will made in Georgia, the revocation must be executed with the same formality and attested by the same number of witnesses as are requisite for the execution of the will.
2. A will, conveying real property, executed in a foreign State by a citizen of that State, and attested by only two witnesses, which is sufficient under the laws of that State, can not be probated in this State in so far as the realty is concerned; nor can it be used in this State as a conveyance of the real estate devised therein.

Argued February 13, — Decided March 8, 1905.

Petition for injunction. Before Judge Littlejohn. Macon superior court. December 16, 1904.

*Greer & Felton*, for plaintiff. *A. L. Miller*, for defendants.

SIMMONS, C. J. Dr. Turner P. Oliver was a citizen of Georgia, residing in Macon county, near the town of Oglethorpe. On November 17, 1894, he made a will, which was duly executed in accordance with the requirements of the laws of Georgia. This will disposed of his entire estate, consisting of a plantation near Oglethorpe, whereon he resided, and various personal property. By the terms of this will he gave to his wife, who was then in life, the plantation for and during her natural life, with remainder over in fee to the children and grandchildren of his deceased brother. These were Mrs. Ebbie Slater of Marshall, Texas, Mrs. Frank Lawson of Carthage, Texas, and the three children of Mrs. Theresa McJimpsey, deceased, who was also a daughter of his deceased brother. Nearly all of his personal estate also was given to these legatees. Judge W. H. Fish was appointed executor of this will. Some time after the making of this will Dr. Oliver's wife died, and in the spring of 1903 he changed his residence and domicile to Marshall, Texas, leaving nothing in Georgia but the real estate in and near Oglethorpe. In the latter part of September, 1903, he made another will, in the first item of which he uses this language: "and especially repealing and cancelling all other wills heretofore made by me, and do declare that they are revoked, and this shall, to all intents and purposes, be my last will and testament. By the terms of this will he gave his entire estate, real and personal, to the children and grandchildren of his deceased brother, E. G. Oliver, whose names are given above. He appointed his niece, Mrs. Ebbie Slater, and her husband, Joe W. Slater, the executors of this last will. This will, however, was executed in the presence of but two witnesses. Although Dr. Oliver in his Texas will used language of revocation as to all previous wills, he nevertheless did not destroy his Georgia will of November, 1894, but preserved the same without obliteration in any respect whatever, and the same was found intact and unmutilated among his papers after his death. The Texas will was duly probated by the executors, and they distributed all the personal property according to

its terms, all of the personalty being in Texas, as already stated; the property in Georgia consisting of real estate alone.   The executors then proceeded to administer this Georgia realty under the terms of the Texas will, when Castens, who is a son of the testator's deceased sister, filed his equitable petition against J. B. Murray, the tenant on the plantation, and against Mrs. Lawson and Mrs. Slater, charging that Dr. Oliver had died intestate, and that he, Castens, as one of Oliver's heirs at law, was entitled to one half of the entire estate.   He therefore prayed that they be enjoined from disposing of the lands, or interfering therewith, and that he might have an appropriate judgment and decree determining his rights.   The executors immediately retained counsel in Georgia, and, being informed that the Texas will was inoperative and ineffective as to the disposition of the Georgia lands therein devised, by reason of there being only two subscribing witnesses thereto, at once turned over to Judge W. H. Fish the Georgia will, and he is now proceeding to probate the same. Mrs. Lawson and Mrs. Slater both answered the petition, denying that they were interfering at all with the property as individuals, and setting up the facts recited above.   The case came on to be heard before Judge Littlejohn, and was submitted to him upon the facts as herein related.   After reserving his decision for some weeks, he granted an order denying the injunction and discharging the temporary receiver, and ordering him to deliver the property over to Judge Fish as the executor under the Georgia will. From that order Castens has appealed to this court.

The question, therefore, presented by this record is whether the Texas will made by Oliver in September, 1903, revokes the Georgia will made by him in November, 1894.   In our opinion it does not.   The revocatory language used by the testator in the first item of the Texas will works no revocation of the Georgia will, for the reason that the former is attested by only two witnesses. Any writing containing an express revocation of a will must be executed with the same formality and attested by the same number of witnesses as the will itself.   Civil Code, §§ 3341, 3342; *Barksdale* v. *Hopkins*, 23 *Ga.* 332; *Howard* v. *Hunter*, 115 *Ga.* 357; *Oetjen* v. *Oetjen*, 115 *Ga.* 1004.   The Texas will, being attested by only two witnesses, although such attestation be sufficient under the laws of that State, is, so far as it relates to

real estate in Georgia, void.    Civil Code, § 3299; *Key* v. *Harlan*, 52 *Ga.* 476; *Knight* v. *Wheedon*, 104 *Ga.* 311.    Nor can an implied revocation be claimed here, because the two wills are absolutely consistent as to the distribution of the property in controversy.    Civil Code, §§ 3341, 3345.    Moreover, the two wills taken together show clearly that Dr. Oliver, the testator, had no intention to revoke this gift of the Georgia land to the defendants in error, and without such intention there can be no revocation. See Civil Code, § 3344; *Barksdale* v. *Hopkins*, 23 *Ga.* 341. Speaking for myself, however, I think this law as to foreign wills should be changed by the legislature.    Several cases have come before this court since its establishment, in which the wishes and intentions of testators have not been carried out, because the wills did not comply with the formalities of our law.    It seems to me that where a person resides in another State than this, and makes a will that is good under the laws of that State, he ought to be allowed to convey by such will realty in Georgia, even though his will be not attested by the number of witnesses required by our law.

*Judgment affirmed.    All the Justices concur, except Fish, P. J., disqualified.*