### BANK OF ETON v. OWENS et al.; et vice versa.

HILL, J. 1. Where property was bequeathed by will to one in another State, and the will according to the laws of that State was sufficient to make a valid devise of personalty (having only two witnesses), the title of the devisee thus obtained will be recognized in this State after the personalty has been brought into this State. *Ellington* v. *Harris*, 127 *Ga.* 85 (56 S. E. 134, 119 Am. St. R. 320).

(a) But where the devise was to A for life, with remainder to the children of A, and the executor in the other State sold the personalty in the other State, and from the proceeds of the sale advanced money to A and her husband, taking from them a mortgage on other separate property of A in the estate, conditioned upon the repayment to the executor of the amount so advanced to A and her husband when A should die, and after having thus procured money from the executor A invested it in lands in this State, to which she took an absolute fee-simple deed, the title thus acquired by A to the lands in this State was hers absolutely, unaffected by any right of the remaindermen mentioned in the will.

2. Under the evidence in this case all the property in controversy descended to C. T. Owens, the defendant in fi. fa., and Osmo Owens, his son, the claimant, as heirs at law of Cohutta L. Owens at her death.

3. Where a father and his son inherit property as tenants in common from a deceased wife and mother, and the father takes possession of all the property owned by himself and son and uses it for his own benefit, the son in an equitable accounting has a lien on such property for his claim thereon, superior to liens placed on his interest by the tenant in possession receiving the property. Civil Code, §§ 3724-3727.

4. Where in such case the father has property in his hands belonging to the son, although he is not his guardian, yet in an equitable accounting between the father and son, on the trial of a claim case in which an ancillary equitable petition is filed setting up the rights of the father and son, the father has the right to a set-off against the son for money expended for the latter while a minor, where it is made to appear that the father was insolvent and unable to maintain and educate his son, and that such expenditure was necessary for his maintenance and education. *Maddox* v. *Oxford*, 70 *Ga.* 179.

5. Applying the foregoing legal principles to the facts of this case, no ground of the motion for a new trial in either bill of exceptions requires a reversal.

6. The verdict was supported by the evidence.

*Judgment affirmed on both bills of exceptions.   All the Justices concur.*

FEBRUARY 15, 1917.

Claim to land. Before Judge Fite. Murray superior court. January 31, 1916.

The Bank of Eton obtained a mortgage fi. fa. against C. T. Owens, and had it levied upon certain real estate described as being a one-half undivided interest in lots of land 268 and 269 in the tenth district and third section of Murray county, as the prop-

erty of the defendant in fi. fa. Osmo Owens, the son of C. T. Owens, filed a claim to the property, and an ancillary petition in aid of his claim; and joined O. W. Muller, as executor of the last will and testament of Arabella C. Summerour, with him, the executor being a formal party with no interest in the result of the suit. It was alleged in the ancillary petition, that Arabella C. Summerour died testate in 1890, in Polk county, Tennessee; that by her will Cohutta L. Summerour (who afterwards married C. T. Owens) received 75 acres of the land levied on, and after her marriage to C. T. Owens she received certain moneys from the estate of Arabella C. Summerour, with which she purchased in 1893 the 100-acre tract of land levied on; that when she received the money from O. W. Muller as executor, C. L. Owens, the husband of Cohutta L. Owens, the devisee, executed with his wife a mortgage deed or bond to the executor to the remaining portions of the two lots, the 148-acre tract, which was the property of Cohutta L. Summerour. Owens by inheritance from her father, the condition of the bond or deed being in substance to secure the repayment of $1000 of money paid her by the executor in the event she died without issue, in which event, under the will of Arabella C. Summerour, other legatees took the estate. The will bequeathed all the property of Arabella C. Summerour, the testatrix, to Cohutta L. Summerour (afterwards Owens) "or her children," she having no children at the time. "Should she die without children," then the property was to go to other named legatees. The claimant alleged, in substance, that the will above mentioned created a life-estate in his mother, Cohutta L. Summerour Owens, to the 75-acre tract and the money purchasing the 100-acre tract of land, with remainder to him as her only child; that the mother died in 1896, while the claimant, Osmo Owens, was three years old, and his father, C. T. Owens, the defendant in fi. fa., took possession of all the land and received the profits of it until about the time of the levy, of about the value of $500 per annum, amounting in all to $9000, besides interest; that claimant was the owner in fee simple of the 75-acre tract, and also of the 100-acre tract if purchased with money bequeathed to his mother by his grandmother; and that he had an equitable lien amounting to title to the remainder of the 100-acre tract, for the reason that his father had appropriated to his own use for 18 years the proceeds of the land,

30

of the value of $200 yearly. He also claimed that the legal title to the 148-acre tract of land owned by his mother Cohutta L. Summerour Owens, and transferred by her and her husband to O. W. Muller, executor, was in the executor for the benefit of the claimant, as it was transferred to him to protect the trust fund which had been misappropriated. It was also claimed that if the will of Arabella C. Summerour was not subject to the construction given it, but vested the title in his mother, subject to be divested, and if she died as owner of the entire fee, with his father and himself as her sole heirs, he would be entitled to $250 as rent per annum as half-owner, with a lien therefor on his father's half, which, in equity, was prior to the lien of the mortgage fi. fa. of the Bank of Eton, etc.

On the trial the court directed a verdict finding the property subject, and submitted to the jury the question of the right of the claimant to have his lien set up for rents, as tenant in common, as against the lien of the mortgage fi. fa., as well as the amounts for land sold by C. T. Owens. The jury returned a verdict finding the property subject according to the direction of the court, and finding a lien in favor of the claimant for $3,000 against the interest of C. T. Owens levied upon. Both the Bank of Eton and Osmo Owens filed motions for a new trial, which were overruled, and each excepted.

*C. N. King* and *W. E. Mann,* for plaintiff. *W. W. Sampler, M. C. Tarver, W. C. Martin,* and *G. G. Glenn,* contra.