*Harris & McMaster,* for plaintiff in error.

*J. W. Warren, W. M. Goodwin,* contra.

## 22364. BLACKWELL v. GRANT.

JENKINS, P. J. This was a suit against a resident of Georgia on a promissory note executed in the State of Florida, instituted by a resident of the State of Pennsylvania. The note had been transferred by the original payee to a Florida bank, and by the Florida bank transferred before maturity to a resident of Pennsylvania. The transferee died before the maturity of the note, and it passed to the plaintiff, his wife, as residuary legatee under the provisions of his will, and upon the probate of the will was assigned in writing by the executors to the plaintiff. The defendant pleaded that the note was obtained by a fraud perpetrated upon him by the original payee, and also pleaded that there had been a total failure of consideration, alleging that the Florida bank had knowledge of these facts. A demurrer to the petition was overruled, and on the trial the court directed a verdict in favor of the plaintiff. *Held:*

1. Since the petition alleged that the note sued on was indorsed in blank by the original payee before its maturity, and since the effect of such indorsement was to make the note payable to bearer and transferable by delivery, the court properly overruled the demurrer on the ground that title to the instrument was not shown to be in the plaintiff. *Heard* v. *DeLoach*, 105 *Ga.* 500 (30 S. E. 940) ; *South* v. *Peoples National Bank*, 4 *Ga. App.* 92 (2) (60 S. E. 1087). And see Ga. L. 1924, pp. 126, 134; Michie's Code (1926), § 4294(34).

2. A foreign will, executed in accordance with the laws of the State in which the testator resided, is a valid disposition of personalty located in Georgia, whether executed according to Georgia laws or not. Civil Code (1910), § 3877. And where property is bequeathed by will to one in another State, and the will, according to the laws of that State, was sufficient to make a valid devise of personalty (having two witnesses), the

title of the devisee thus obtained will be recognized in this State after the personalty has been brought into this State. *Ellington* v. *Harris*, 127 *Ga.* 85 (56 S. E. 134, 119 Am. St. R. 320); *Bank of Eton* v. *Owens*, 146 *Ga.* 464 (91 S. E. 476).

3. "The records and judicial proceedings of the courts of any State or territory, or of any such country [subject to the jurisdiction of the United States], shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." U. S. Rev. Stat. § 904; Civil Code (1910), § 5824. The facts sought to be proved by the records of Pennsylvania were relevant, and, therefore, the properly authenticated record of the proceeding in the court of Pennsylvania, which, according to testimony offered on behalf of plaintiff had jurisdiction thereof (*Chattanooga, Rome &c. R. Co.* v. *Jackson*, 86 *Ga.* 676 (3), 13 S. E. 109), wherein the probate and admission to record of the last will and testament of plaintiff's testator were set forth, was properly admitted in evidence over the objection that the statutes of the State of Pennsylvania, under which the proceeding in that State were had, were not specially pleaded. For the same reason it was not error to admit in evidence the properly authenticated record of the final accounting of the executors under the will referred to, in the State of Pennsylvania, which showed that the note sued on had been assigned to the plaintiff under the residuary clause of the will.

4. Since the properly authenticated record of the proceeding by the court having jurisdiction thereof set forth the admission of the will of the plaintiff's testator to record in the State of the residence of the testator, it must be presumed that the will was executed in accordance with the laws of that State. Accordingly, the properly authenticated copy of the will was properly admitted in evidence over the objection that the will was not witnessed in accordance with the laws of Georgia.

5. Since the plaintiff, according to the proof submitted, had acquired title to the note sued on by virtue of the devise in her husband's will, and the executors of his will had assigned the same to her in writing, she was entitled to maintain a suit thereon, and the note was properly admitted in evidence. The rule stated in *Bond* v. *Maxwell*, 40 *Ga. App.* 679 (150 S. E. 860), where it was held that the plaintiff, who was administrator of an estate, and the sole heir of the intestate, and had "turned over to himself as the sole heir at law . . the assets of the estate, including the notes sued on, and was then discharged as such administrator," had no such legal title to the notes as would authorize him to maintain a suit thereon, such notes not having been assigned or indorsed to him in writing, has no application to the facts of the instant case.

6. It appears, without dispute, that the negotiable note sued on was executed by the defendant, and was acquired by the plaintiff's testator before maturity, and there is nothing to indicate notice to the plaintiff's

testator of any infirmity therein. Consequently a finding in favor of the plaintiff was demanded, and the court did not err in directing a verdict accordingly.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1933.

*Clarke & Clarke,* for plaintiff in error.
*Howell, Heyman & Bolding, W. P. Bloodworth,* contra.