Nos. 11216, 11226.   JULY 10, 1937.

CHAPMAN *v.* McPHERSON.

ATKINSON, Justice. 1. Under the facts contained in the record, this is an equity case, within the jurisdiction of the Supreme Court.

2. So far as it applies, the former decision in this case (*Chapman* v. *McPherson*, 177 *Ga.* 471, 170 S. E. 481) is controlling as the law of the case. Under that decision, the rights of Chapman are *in equity* subject to the lien of a prior security to the estate of Isaac G. Haas, and "the rightful holder thereof" should be given priority.

3. The case being one in equity, it is governed by equitable principles, whether or not the relief sought by Chapman is legal or equitable. *Charleston & Western Carolina Railway Co.* v. *Hughes*, 105 *Ga.* 1 (3) (30 S. E. 972, 70 Am. St. R. 17) ; *Garbutt* v. *Mayo*, 128 *Ga.* 269 (4) (57 S. E. 495, 13 L. R. A. (N. S.) 58) ; *Montgomery* v. *Atlanta*, 162 *Ga.* 534-550 (134 S. E. 152, 47 A. L. R. 233) ; *Snell* v. *Spalding Foundry Co.*, 180 *Ga.* 582 (180 S. E. 218).

4. Whether or not the purported transfer of the security deed by the

# 614

executors of the Haas estate was effectual either in law or equity, it appears that they also transferred the note secured by the deed, and as a result of such transfer the transferee acquired an equitable title to the security. Code, § 14-1802: *Simpson* v. *Ennis*, 114 *Ga.* 202 (39 S. E. 853); *Shumate* v. *McLendon*, 120 *Ga.* 396 (10) (48 S. E. 10); *Clark* v. *Havard*, 122 *Ga.* 273 (50 S. E. 108).

5. The foreign will under which the executors were acting, though not attested according to the laws of Georgia, appears to have been executed and probated according to the laws of the State in which the testator resided, and a copy of the will and the probate thereof, together with the order admitting the same to record according to the laws of that State, having been duly certified and introduced in evidence, sufficiently showed authority of the executors to receive payment of the note from a junior lienholder and thereupon to transfer the note to such holder, the note being personalty. Code, § 113-613; *Knight* v. *Wheedon*, 104 *Ga.* 309 (30 S. E. 794).

6. When the transferee from the executors subsequently transferred the note to N. C. McPherson Sr., the latter became in equity entitled to the security to the same extent as did the original transferee under the principle ruled in note 4 above.

7. Under the foregoing rulings as applied to the competent evidence, the judge, trying the case without a jury, was authorized to find in favor of McPherson, establishing a first lien upon the property, and denying priority to Chapman. The special assignments or error, so far as they are sufficient to raise any question for decision, do not show cause for a reversal.

*Judgment affirmed. All the Justices concur except Russell, C. J., who dissents.*

No. 11740. July 10, 1937. Rehearing denied July 22, 1937.

*George Starr Peck,* for plaintiff in error.
*Morgan Belser* and *Frank A. Doughman,* contra.