*M. J. Yeomans, attorney-general, O. H. Dukes,* and *Dave M. Parker,* for defendants.

## McCollum *v.* Loveless.

Per Curiam. 1. On September 19, 1934, the superior court denied an application by defendant to be permitted to foreclose his loan deeds under power of sale. On February 9, 1935, a similar application was presented, and an order was granted permitting him to foreclose his mortgages. To the latter application the plaintiff filed a plea of res judicata, based upon the court's ruling of September 19, 1934. The order, however, was not excepted to on this ground; and hence the contention of counsel, as asserted in the brief, that since both orders were rendered solely on a question of law, although interlocutory in their nature, the doctrine of res judicata applies, is not before us for decision.

2. Irrespective of the question whether an amendment of an exception to a finding of an auditor can be allowed more than twenty days after

the filing of the report (compare *Sizer* v. *Melton*, 129 *Ga.* 143, 58 S. E. 1055; *Faucett* v. *Rogers*, 152 *Ga.* 168, 172, 108 S. E. 798), yet the allowance of the amendment is in effect a judgment of the court that the exception is amendable at that time; and such ruling, not having been excepted to, became the law of the case. *Moss* v. *Chappell*, 126 *Ga.* 196 (54 S. E. 968).

3. Although a note payable to "Sarah J. Mosby Estate" is payable to a non-existent person, the maker in signing it admits the existence of a payee. Code, § 14-601. Being made to a fictitious or non-existing person, it is construed to be payable to bearer. § 14-209.

4. A deed to land, wherein the grantee is "Sarah J. Mosby Estate," is prima facie void for the reason that the instrument is apparently wanting in one of the essentials, to wit, the naming as grantee a person, or persons, either natural or artificial; and it should be so treated in the absence of equitable reasons to the contrary, or evidence to identify a person or persons intended to take in that name. Compare *Davis* v. *Hollingsworth*, 113 *Ga.* 210 (38 S. E. 827, 84 Am. St. R. 233); *Miller* v. *Brooks*, 120 *Ga.* 232 (47 S. E. 646); *Clark* v. *Wyche*, 126 *Ga.* 24 (54 S. E. 909); *Ayer* v. *Chapman*, 146 *Ga.* 608 (91 S. E. 548); *Handy* v. *Handy*, 154 *Ga.* 686 (2) (115 S. E. 114); *Eslinger* v. *Herndon*, 158 *Ga.* 823 (4) (124 S. E. 169, 900); *Cocke* v. *Bank of Dawson*, 180 *Ga.* 714 (180 S. E. 711); *Chapman* v. *McPherson*, 184 *Ga.* 613 (192 S. E. 423). See 18 C. J. 158, 174, §§ 36, 56. Under this ruling as applied to the facts of this case, it was error to sustain an exception to so much of the auditor's report as found that defendant took no title as purchaser under the power of sale contained in the deed to "Sarah J. Mosby Estate," and to the auditor's further finding that the plaintiff was entitled to be credited with the rents (less certain items of expense) from the property since the date of his purchase under the power of sale; and accordingly it was error to decree that the plaintiff was indebted to defendant in the sum of $1742.24, instead of $736.52, as found by the auditor.

*Judgment reversed. All the Justices concur, except Russell, C. J., who dissents.*

No. 12110. March 14, 1938.

*A. C. Corbett,* for plaintiff.

*J. K. Jordan* and *H. A. Etheridge,* for defendant.