27336. HODGES *v.* SEABOARD LOAN AND SAVINGS ASSOCIATION INC.

DECIDED JULY 12, 1939.

*G. Seals Aiken,* for plaintiff.

*John M. Slaton, James J. Slaton,* for defendant.

STEPHENS, P. J. Mrs. J. H. Hodges brought suit against Seaboard Loan & Savings Association Inc., and G. F. Langran, to recover damages for personal injuries alleged to have been received by her as the result of the alleged negligence of the defendants in the operation of an automobile along a public highway of this State by G. F. Langran who was driving it as the agent or servant of Seaboard Loan & Savings Association Inc. After the introduction of evidence on the trial of the case against both defendants, on motion of the defendant, Seaboard Loan & Savings Association

Inc., the court directed a verdict for this defendant. The case proceeded to trial, and a verdict was found for the plaintiff against the other defendant, G. F. Langran. The plaintiff excepted to the direction of a verdict in favor of Seaboard Loan & Savings Association Inc.

In the bill of exceptions the plaintiff assigns error on the direction of the verdict as follows: "To the said ruling directing a verdict for the defendant, Seaboard Loan & Savings Association Inc., the plaintiff excepted, now excepts, and assigns the same as error as being contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions. Plaintiff's counsel expressly noted and urged the following exceptions at said time, in addition to others: 'I would like to note exceptions to your honor's ruling on the following grounds: all the grounds already urged before the court verbally in the absence of the court reporter, and the argument, and also all of the grounds urged during the course of the trial. I insist in this particular case we have proved that G. F. Langran was employed by Seaboard Loan & Savings Association Inc., on March 28, 1937; C. Y. McCollum, vice-president and manager testified so; McFadden, his employee, testified so; Dr. J. H. Hodges testified so. We have introduced in evidence a certificate (exhibit "A") from the Secretary of State, showing that the automobile in question was owned at the time and place by Seaboard Loan & Savings Association Inc. That the application itself was even witnessed by G. F. Langran as notary pubilc, and signed C. Y. McCollum, vice-president and manager of the company. The pleadings show that the man, G. F. Langran, is represented by John M. Slaton and J. J. Slaton, attorneys for Seaboard Loan & Savings Association Inc., and therefore subject to their custody and control. They have not produced G. F. Langran in court, and have submitted no testimony whatever to explain what he was doing, and where he was going; and the burden of proof under the law is upon the defendant to show that G. F. Langran was not working for Seaboard Loan & Savings Association Inc., at the time this particular accident took place. I submit that there is not one line of evidence to that effect, and that they have not carried the burden, and that it would be reversible error, and is reversible error to direct a verdict under the circumstances stated. I also urge to the court all the other evidence that

I offered to show the fact that Seaboard Loan & Savings Association Inc., through its manager C. Y. McCollum, sent a doctor out to examine Mrs. J. H. Hodges, and offered one hundred dollars to settle the property-damage case of Dr. Hodges and one hundred dollars to settle the personal injuries in the case of Mrs. Hodges, and dealt with them concerning the matter, and did not make any protest that Langran was not working for Seaboard Loan & Savings Association Inc., or that he was not on business for said association at the time.'"

In the bill of exceptions, immediately following the above, the plaintiff assigns error as follows: "To the said verdict and said judgment thereon [meaning the verdict and judgment which was found under the direction of the court in favor of the defendant Seaboard Loan & Savings Association Inc.] plaintiff excepted, now excepts and assigns the same as error, as being contrary to the law, contrary to the evidence, and contrary to the Federal and State constitutions. Plaintiff now excepts and assigns said rulings, directed verdict and judgment as contrary to law, contrary to the evidence and contrary to the Federal and State constitutions on the same grounds urged by him at the time, as set forth above. Plaintiff excepted, now excepts, and assigns said rulings, directed verdict, and judgment based thereon, as contrary to law and the constitution of the State of Georgia, because it deprived her of a jury trial of her case against Seaboard Loan & Savings Association Inc., and the defendants jointly, and of her liberty and property without due process of law, in violation of" certain specifically described provisions of the constitution of the State of Georgia, and of the United States.

The question is as to the sufficiency of these assignments of error to present a question for this court's consideration. The Supreme Court of this State, in *Hodges* v. *Seaboard Loan & Savings Asso. Inc.*, 188 *Ga.* 410 (supra) on June 10, 1939, in answer to certified questions propounded to it by this court in this case, held that these assignments of error, in so far as they alleged that the direction of the verdict was error as being "contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions," without more, were insufficient as assignments of error on the direction of the verdict to present any question for the appellate court's consideration.

338

■ Is this assignment of error aided, and is there presented an assignment of error on the direction of a verdict sufficient to present a question for this court's determination, by the recital in the bill of exceptions of the grounds which the plaintiff urged before the trial judge against the direction of the verdict on the hearing of the motion of defendant's counsel to direct the verdict, and by the further recital in the bill of exceptions that the directed verdict and judgment were "contrary to the law, contrary to the evidence, and contrary to the Federal and State constitutions on the same grounds urged by him [counsel for the plaintiff] at the time as set forth above." (Meaning on the hearing of the motion of the defendant for the direction of a verdict.)

The additional matter added in the assignment of error following that portion of the assignment of error just quoted above is merely to the effect that the ruling directing a verdict was "contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions," on the ground that certain designated facts appeared from the evidence adduced on the trial, and also from the pleadings, and on "all the grounds already urged before the court verbally in the absence of the court reporter, and the argument, and also all the grounds urged during the course of the trial." It does not appear what were the grounds urged verbally in the absence of the court reporter, or in the argument, or otherwise, during the course of the trial. The assignment of error is to the effect that the direction of a verdict is "contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions" solely on the ground that certain facts appeared from the evidence. There is no ground of error other than because of certain evidence adduced on the trial the direction of the verdict was "contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions." The additional matter does not take the assignment of error without the ruling of the Supreme Court in answer to the certified questions in this case which was to the effect that the assignment of error on the direction of the verdict on the ground that the ruling of the court in directing the verdict was error as being "contrary to the law, contrary to the evidence, and contrary to the State and Federal constitutions," is insufficient. The bill of exceptions presents no sufficient assignment of error on the direction of the verdict.

*Writ of error dismissed. Sutton and Felton, JJ., concur.*