## FRASER et al. v. RUMMELE.

BELL, Presiding Justice. 1. Where a will bequeathing realty and personalty was executed according to the law of the State where the testator resided, and was duly probated in that State, it may be treated in this State as a valid bequest of such personalty, although it was not attested by as many as three witnesses as required by the law of Georgia. *Knight* v. *Wheedon,* 104 *Ga.* 309 (30 S. E. 794). Accordingly, in the instant case the court did not err in admitting in evidence a certified copy of the New York will, over objection that it was attested by only two witnesses and under the law of Georgia would be ineffectual as to an interest in realty; it appearing that as applied to this case the only property claimed by the plaintiff under such will consisted of notes secured by deeds to real estate in Georgia; and that no interest in the real estate itself was claimed thereunder. See, in this connection, Code, §§ 113-613, 113-705, 102-108; *Castens* v. *Murray,* 122 *Ga.* 396 (50 S. E. 131); *Bank of Eton* v. *Owens,* 146 *Ga.* 464 (91 S. E. 476); *American Surety Co.* v. *Pettie,* 178 *Ga.* 26 (171 S. E. 916); *Chapman* v. *McPherson,* 184 *Ga.* 613 (5) (192 S. E. 423); *McMullen* v. *Carlton,* 192 *Ga.* 282 (14 S. E. 2d, 719).

840

2. The administrator's deed under which the plaintiff claimed title to part of the lands in question was not inadmissible in evidence as showing upon its face that the various separate and distinct tracts described therein were sold under a single lump bid,, the deed reciting "said lots or parcels of land thus described were bid off by the said party of the second part at the price or sum of six thousand, three hundred, and 00/100 ($6,300) dollars, she [the party of the second part] being the highest and best bidder." If it would have been unlawful to sell the various tracts collectively under a single bid, it should be presumed that the administrator complied with the law and sold the tracts separately, until the contrary is shown; and the recital as quoted, without more, would not show that they were not sold separately and at prices aggregating the entire sum stated. Code, § 113-1720. *Copeland* v. *Kimbrough*, 149 *Ga.* 683 (3), 687 (102 S. E. 162); *Wilson* v. *Aldenderfer*, 183 *Ga.* 760 (189 S. E. 907). Moreover, even if the deed might be taken as showing irregularity in the respect indicated, it would not for that reason alone be subject to collateral attack; nor could any one except an heir or creditor attack it in any manner, for such defect. *Hamilton* v. *Cargile*, 127 *Ga.* 762 (2) (56 S. E. 1022). See generally 34 C. J. S. 558, § 595; 21 Am. Jur. 733-734, §§ 626-627; Id. 745-746, §§ 649-650.

3. Nor was it error to admit in evidence a deed made in pursuance of a power of sale contained in a security deed, over objection that it appeared that the plaintiff as trustee, and as attorney in fact for the debtor, had become the purchaser at her own sale under the power of sale, when under the terms of the security deed she was not authorized so to do. If the sale was unauthorized as contended, the deed was still not void but was merely voidable, and hence should be treated as valid until set aside in a proper proceeding. Code, § 37-607; *Palmer* v. *Young*, 96 *Ga.* 246 (22 S. E. 928, 51 Am. St. R. 136); *Standback* v. *Thornton*, 106 *Ga.* 81 (31 S. E. 805); *Williams* v. *Williams Co.*, 122 *Ga.* 178 (58 S. E. 52); *Payton* v. *McPhaul*, 128 *Ga.* 510 (4) (58 S. E. 50, 11 Ann. Cas. 163).

4. The bill of exceptions contained the following recital, and assignment of error on the direction of the verdict: "The court directed the jury to find a verdict in favor of the plaintiff and against your defendant upon all of the issues involved in said case, to which order plaintiffs in error then and there excepted and now except and assign the same as error upon the ground that the same was contrary to law, and that the court, having admitted in evidence over objections of your plaintiffs in error [stated documents as mentioned in the preceding notes], the direction of said verdict and entering of said judgment thereupon were an illegal termination of the case." *Held*, that under this assignment the only questions raised were whether the court erred in any of the antecedent rulings; and since it appears that no such antecedent error was committed, the judgment must be affirmed as to all of the assignments of error. *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047); *Shippen Hardwood Lumber Co.* v. *Johnson*, 168 *Ga.* 112 (147 S. E. 115); *Hamilton National Bank* v. *Robertson*, 177 *Ga.* 734 (171 S. E. 293); *Mullis* v. *McCook*, 185 *Ga.* 171 (194 S.

E. 171); *Hodges* v. *Seaboard Loan & Savings Association,* 188 *Ga.* 410 (3 S. E. 2d, 677), s. c. 60 *Ga. App.* 335 (3 S. E. 2d, 843).

*Judgment affirmed. All the Justices concur.*

No. 14500. MAY 6, 1943.

*William F. Buchanan,* for plaintiffs in error.

*Tye, Thomson, Tye & Edmondson* and *J. H. Porter,* contra.