### 23709. SINGER v. HALL et al.

MOBLEY, Justice. Sam S. Singer filed an application to partition land in which he claimed a one-half undivided interest, as purchaser at a foreclosure sale under a security deed executed by Joe Hall, a cotenant, against Eula Mae Hall, the other cotenant, owning a one-half undivided interest in the property. The defendant, Eula Mae Hall, filed a motion for summary judgment on the ground that Singer did not have title to the property, so as to obtain a partitioning of it because the advertisement of the sale of the property, made pursuant to the security deed, did not describe the interest in the property to be sold and, therefore, the bidding was chilled rendering the sale void. The trial court granted the summary judgment in favor of defendant, and plaintiff Singer appeals from this judgment. *Held:*

1. The right to set aside or disaffirm a voidable sale is personal to the mortgagor. *Burgess v. Simmons*, 207 Ga. 291 (3) (61 SE2d 410); *Williams v. Williams Co.*, 122 Ga. 178 (1) (50 SE 52, 106 ASR 100); *Payton v. McPhaul*, 128 Ga. 510, 517 (58 SE 50, 11 AC 163); *Delray, Inc. v. Reddick*, 194 Ga. 676, 684 (22 SE2d 599, 143 ALR 519); *Fraser v. Rummele*, 195 Ga. 839 (3) (25 SE2d 662). The appellee bases her right to have the sale set aside on the grounds that the advertisement does

not show the grantee's interest to be a one-half undivided interest but, rather, that it shows the grantee has an absolute interest in the entire tract and is selling such interest; and, that the reference in the advertisement to the warranty deed conveying the property to the debtor, Joe Hall, is incorrect, as it shows said deed to be recorded in the "Clerk's office in Stewart County in Book 28, page 414," when, in fact, it is recorded in Book 26, page 414. Irregularities in the conduct of the sale, such as the defects in the advertisement of the sale here, do not render the sale void at its inception, but merely voidable. See *Williams v. Williams Co.*, 122 Ga. 178, supra; *Mutual Loan & Bkg. Co. v. Haas*, 100 Ga. 111 (2) (27 SE 980, 62 ASR 317); *Whitley v. James*, 121 Ga. 521 (49 SE 600); Chace v. Morse, 189 Mass. 559 (76 NE 142).

Although the appellee is a co-owner of the land of which the grantee in the security deed, Joe Hall, was also co-owner, she does not have the right to attack the validity of the sale since she is not the mortgagor, or grantee in the security deed, nor is she a successor to his rights.

For the foregoing reasons the trial court erred in granting the summary judgment in favor of the appellee.

*Judgment reversed. All the Justices concur.*

SUBMITTED SEPTEMBER 14, 1966—DECIDED OCTOBER 20, 1966.

*Carlton S. Brown,* for appellant.

*John R. Irwin, Frank P. McGowan, R. M. Sasnett, Jr.,* for appellees.