[No. 6693. Decided January 30, 1908.]

*In The Matter of The Estate of* MARTHA J. HOLBURTE, *Deceased.*

W. A. WILSON, *Appellant,* v. H. H. McMILLAN, *Executor of the Estate of Martha J. Holburte, Deceased, Respondent.*[1]

EXECUTORS AND ADMINISTRATORS—SALES—CONFIRMATION — VACATION—IRREGULARITIES. Where, pending confirmation of an inadequate bid at an executor's sale, an upset bid was made, misleading the executor to think that the sale would not be confirmed, withdrawal of the upset bid and confirmation of the sale without notice to the executor, at a time when higher bids were available, constitutes an irregularity warranting vacation of the order of confirmation.

Appeal from an order of the superior court for Lincoln county, Warren, J., entered November 13, 1906, in favor of the defendant, vacating the confirmation of a sale of real property made in probate proceedings. Affirmed.

*W. A. Wilson, pro se.*

*H. A. P. Myers,* for respondent.

ROOT, J.—This is an appeal from an order setting aside the confirmation of a sale of real estate made in a probate proceeding. The record shows that the sale of the property involved was first advertised for June 16, 1906, but there being no bidders, the sale was postponed until June 23, 1906. At the sale the property was bid in by the appellant for

[1]Reported in 93 Pac. 529.

$1,000, he being the only bidder. On June 30, 1906, the
executor made his return, setting forth among other things
"that the sum of $1,000 is much less than the value of said
property, but the undersigned was unable to get any other
bid for the same," and recommending the confirmation of the
sale. Thereupon some of the heirs of the deceased objected
to the confirmation, and with their objections a written offer
by one H. N. Martin was filed, wherein he agreed in case of a
resale to bid at least ten per cent over and above the $1,000,
and pay the expense of such resale. The matter was con-
tinued from time to time until October 24, 1906, when Martin
requested permission to withdraw the objections and his offer
to bid over $1,000 at a new sale. The request was granted,
and the bid and objections were withdrawn. The appellant
then, without notice to the respondent or his counsel, pre-
sented an order of confirmation to the judge of the court, who
signed the same. The executor, immediately upon learning
of this, moved to vacate said order, as it had been made with-
out his knowledge and at a time when he was able to secure
a larger sum for the property. This motion was granted,
and it is from this order that the present appeal is prose-
cuted.

It is contended by appellant that the order of confirmation
could not be set aside by the trial court in the absence of a
showing of fraud or irregularity in the obtaining thereof, and
that none such appears in this instance. We think there was
an irregularity, and one which would approximate construct-
ive fraud upon the estate. The "upset" bid interposed by
Martin would naturally lead the executor and heirs to believe
that no confirmation of the sale was to be had. When this
was withdrawn and an order of confirmation taken without
any notice to the executor, and at a time when higher bids
were available, we think the condition of affairs existed which
justified the trial court in vacating the order of confirmation
thus made. Ofttimes probate proceedings, or numerous steps

therein, are largely *ex parte*, and considerable latitude is accorded by law to the court which has supervision of such matters, to the end that the best interests of the estate may be subserved.

Finding no error in the action of the court in making the order appealed from, the same is affirmed.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.

FULLERTON and MOUNT, JJ., took no part.