COLLINS, next friend, *et al. v.* COLLINS, administrator, *et al.*

HINES, J. Plaintiffs by their next friends seek in their petition to set aside a certain sale made by R. C. Collins, as the administrator of D. M. Collins, of a certain tract of land in Toombs County, to one of the defendants, and to cancel the deed to the latter, and to cancel certain deeds made under which the administrator claims title to another tract of land of his intestate in Tattnall County, on the ground that said first sale was made under a void order of sale, and on the ground that the administrator bought indirectly at his own sale the tract to which he claims title, and to recover these lands, the subject-matters of said sales, and embraced in said deeds, with mesne profits. Plaintiffs do not allege that they are heirs at law or creditors of the intestate, nor do they otherwise allege facts showing that they are such heirs or creditors, or that they have any title or interest in said land. *Held:*

1. That the trial judge properly sustained general demurrers to said petition, setting up that it failed to set out any cause of action.
2. The above ruling renders it unnecessary to consider other assignments of error of which the plaintiffs complain.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 5184. MARCH 10, 1926.

Equitable petition. Before Judge Sheppard. Tattnall superior court. October 20, 1925.

Clifford Collins, a minor, by his next friend Adolphia Collins, and Donnie Jordan, Rubie Lynn, Onie Lynn, Susie Lynn, Earlie

---

Executors and Administrators, 24 C. J. p. 676, n. 52.

Lynn, and Ellis Lynn, minors, by their next friend Jeff Lynn, filed their petition in Tattnall superior court against R. C. Collins as administrator of D. M. Collins, and D. E. Flanders, of Tattnall County, and Eloas L. McDilda, of Toombs County, in which they made these allegations: R. C. Collins in 1921 was appointed and qualified as the administrator of D. M. Collins, late of Tattnall County, deceased. Zilphia Collins is the widow of D. M. Collins. She bore him four children now living, or, deceased leaving living children, she has been twice married and has two sets of children. On November 5, 1919, D. M. Collins executed and delivered to Ida M. Collins a deed to two described tracts of land in Tattnall County, to secure a debt for the sum of $500 principal, with eight per cent. interest from date, which fell due November 5, 1924, and in addition executed to her five notes for $40 each, for the annual interest due on said principal debt. The first of said tracts of land was described as containing sixty-three and three fourths acres, more or less, and that tract was worth not less than $1,500 to $2,500. D. M. Collins died on June 17, 1921. R. C. Collins failed and refused to pay off the annual interest notes due to Ida M. Collins. Under the terms of the contract she had a right to declare the principal due upon default in the payment of any annual interest installment, which she did, and advertised one of said tracts for sale on the first Tuesday in October, 1922. At that time and before the advertisement, said administrator had in hand sufficient funds with which to pay the interest notes due on said debt. His failure to pay said interest notes when due, and permitting the lands to be sold, was a breach of his duty as administrator. Said property was sold on the first Tuesday in October, 1922, and was bid off for the sum of $1,700 by Jeff Lynn, who paid thereon $75 to the attorney for Ida M. Collins. On his failure to pay the balance, Ida M. Collins readvertised said tract of land for sale on the first Tuesday in February, 1923. On February 2, 1923, Jeff Lynn attempted to settle with the administrator for the purchase-money of said land so bid in by him, and notified the administrator that he would have to have transferred to him the Ida M. Collins deed to secure debt, when he would attach to that deed a draft for the amount of the debt on the Bank of Collins, for said money, which draft would be paid when presented to the bank. In addition to

this he gave to R. C. Collins a deed to secure the difference between his bid and the debt due Ida M. Collins, which difference amounted to $1,033.34. Instead of doing as requested, R. C. Collins cancelled the deed and note of Ida M. Collins, and took a deed from Jeff Lynn to himself as administrator on the estate of D. M. Collins, in the sum of $1,033.34, and failed and refused to give to Lynn any deed to the property in question or any other paper showing that he had any title to the property in question, informing Lynn that he had all the legal papers that he needed. Lynn did not know any better. When he presented the draft and cancelled deed to the Bank of Collins for payment, they refused to pay the same because the papers were not transferred to Lynn or the bank. It was then agreed between the parties to cancel what had been done, and let Lynn pay said debt to Ida M. Collins in cash, and take the deed held by her transferred to Lynn, thereby preserving the property to the best advantage of the estate of D. M. Collins, which was done, which deed Lynn transferred to the Bank of Collins. Later said bank transferred said deed, together with the notes, to D. E. Lynn, a brother of Jeff Lynn. Ida Collins made to Lynn no deed whatever to the premises in dispute, and Lynn did not ask her to do so, because under the arrangements they made that was not to be done unless the draft was paid, because under the arrangements made the following day there was no deed to be made, as the first arrangement had been completely cancelled. D. E. Lynn was not pressing the collection of said original debt due Ida M. Collins, and so transferred to him, but R. C. Collins procured Ida M. Collins to make a deed to Jeff Lynn for the first of said described tracts of land on October 3, 1922, and had the same recorded, with a plat for only thirty and one fourth acres, the same being recorded on April 3, 1924. The consideration of this deed purports to be $1,700. Said deed was not made at the time it purports to have been made, but just prior to the time the same was recorded. R. C. Collins has failed to turn over to Jeff Lynn the deed he made to him as administrator for the sum of $1,033.34, given in settlement of the difference between the debt due Ida M. Collins and his bid for the place. On the contrary R. C. Collins attempted to exercise the power of sale contained in the deed from Jeff Lynn to him as administrator, and advertised, under the power of sale contained

therein, said sixty-three and three fourths acres of land, for sale on the first Tuesday in April, 1924. On said day the administrator purports to have sold the said land to D. F. Flanders for the sum of $750. On April 1, 1924, he purports to have made a deed to said Flanders to said land. On the same day Flanders purports to have made to R. C. Collins, administrator, a deed conveying to him the said described tract of land for ,the alleged consideration of $800. Both deeds were recorded on April 3, 1924. R. C. Collins procured Ida M. Collins to make to Jeff Lynn a deed, in order that it would appear on record that the title to the property was in Jeff Lynn, and for no other purpose. R. C. Collins, in order to become the owner of said tract of land under the deed Jeff Lynn gave to him, advertised the same for sale by virtue of the power contained therein, notwithstanding the consideration of said deed had been wholly cancelled. R. C. Collins at no time attempted to dispose of the sixty-three and three fourths acres of land as the administrator of D. M. Collins, but all he did was in his individual capacity and not as administrator. R. C. Collins never procured an order from the court of ordinary to sell the said tract of land, and without such order he, as the administrator of the estate, had no authority to sell the same. At the time R. C. Collins sold said tract of land to D. E. Flanders, the deed made by D. M. Collins to Ida M. Collins to secure the debt, which had been transferred to D. E. Lynn, was still outstanding and unsatisfied, and the said sale was advertised to be made subject thereto. Under no condition did R. C. Collins have any right or authority to sell said tract of land until the said deed to D. E. Lynn had been satisfied in full, and therefore the attempted sale conveyed no title to the premises in dispute. After the sale R. C. Collins made to D. E. Flanders a deed of conveyance; and after Flanders reconveyed said tract to him, R. C. Collins paid to D. E. Lynn the said original debt, and had the deed and note from D. M. Collins to Ida M. Collins cancelled of record. He likewise had cancelled of record the deed from Jeff Lynn to R. C. Collins to secure the $1,033.34. Jeff Lynn never had heard of the deed purporting to be made by Ida M. Collins to him, until May 21, 1924, when he found the record thereof. Petitioners do not know what became of the fifteen and one half acres of land of said first tract, as there is no trace thereof in the records of said administration. R. C.

Collins is due petitioners one half of the annual rents and profits of said real estate, of the annual value of $150, from June 17, 1921. At the death of said D. M. Collins he was in the actual, adverse possession of the lands aforesaid, owning them in his own right, in fee simple, and was likewise in possession of a certain described tract of land in the County of Toombs, said State, containing 310 acres, more or less, known as the Dave Collins tract of land, which had been held by him for over seven years under a duly executed and recorded deed conveying the same to him in fee simple. He exercised all physical acts of ownership over the same, by cultivating the fields thereon, containing about 40 acres, and by putting tenants in the houses thereon. At the time of the death of the said Collins the heirs at law instantly became seized with the title and possession thereof. The administrator failed and refused to pay off the interest note due Ida M. Collins, for the sole purpose of forcing sale by her under her power of attorney, so that he might buy the same for his own benefit. The conduct of R. C. Collins throughout his said administration is sufficient to show that he intended to defraud the heirs of said estate and get possession of the property of said decedent far below its market value, to the injury of petitioners.

The administrator advertised and sold said tract of land in Toombs County on the first Tuesday in August, 1922, to E. L. McDilda for the sum of $1,300, and he conveyed said tract to him on August 1, 1922, by deed recorded the next day. Petitioners believe and allege that said sale was collusively made by and between said administrator and said purchaser far below its market value, to their injury and damage. The administrator failed and refused to give to petitioners any notice of any character that he was going to apply for an order to sell the said lands in Toombs County, and the records of the court of ordinary of Tattnall County fail to show any notice whatever to petitioners that an order would be applied for to sell said lands. Petitioners were all minors, and were in possession of said real estate in their own right and as tenants in common at the time the same was sold and since the death of D. M. Collins. Without notice to them as required by law, the court of ordinary had no authority or jurisdiction to grant an order to the administrator to sell said land, and the order is a nullity. Said real estate illegally and unlawfully

brought about $1,300, when it was worth $3,100 at its fair market value. It is now worth $3,500. McDilda and R. C. Collins are jointly and severally due petitioners one half of the rents and profits of said lands in Toombs County, of the annual value of $150, and one half of the turpentine privileges on said land, used by McDilda, of the annual rental value of $150, from the date of sale, with interest thereon at seven per cent. per annum. Petitioners refused to ratify any sale made by said administrator of any real estate. By reason of the poor management, illegal orders, and illegally advertised sales, prospective bidders were necessarily deterred from attending the sale and bidding on said property; and unless petitioners recover the said property and the court cancels the illegal deeds that have been made, petitioners will suffer irreparable damage in the sum of $1,800 in the sale of the lands in Toombs County.

By reason of the facts hereinbefore stated, bidders were necessarily deterred from bidding on the tract of 63-3/4 acres, so knocked off to D. E. Flanders. Petitioners attach to their petition a copy of the deed from R. C. Collins, administrator, to E. L. McDilda, a copy of the deed from R. C. Collins to D. E. Flanders, and a copy of the deed from D. E. Flanders to R. C. Collins. The administrator has not made any return to the court of ordinary of the bid Jeff Lynn made on the 63-3/4 acres of land, on October 3, 1922, of $1,700, although he used the deed to secure debt made to him for the purpose of selling said tract of land, and although he has had said deed marked cancelled of record.

Petitioners prayed (a) for a complete accounting by the administrator of the assets collected and paid out by him; (b) that he produce before the court all deeds, notes, mortgages, and other evidence of title to all of the said real estate; (c) that the deed from D. M. Collins to Ida M. Collins, with the transfers thereon, be cancelled; (d) that the deed by Ida M. Collins to Jeff Lynn be cancelled; (e) that the deed by Jeff Lynn to R. C. Collins, administrator, be cancelled; (f) that the deed from R. C. Collins, administrator, to D. E. Flanders be cancelled; (g) that the deed from D. E. Flanders to R. C. Collins be cancelled; (h) that the order of the court of ordinary of Tattnall County, authorizing the administrator to sell the said lands in Toombs County, be can-

celled; (i) that the deed from the administrator to E. L. Mc-Dilda be cancelled; and (j) that possession of said lands, with the rents and profits thereof, be awarded petitioners.

By an amendment petitioners alleged that the several defendants had entered into a conspiracy to prevent said real estate from selling at its highest market value, their common object being to deter prospective bidders from bidding thereon. This object was largely accomplished by failing to comply with the law in selling said lands, and by failing to recover possession of the property from the heirs at law before said sale. Each of said defendants has a right in common with each other defendant in maintaining the validity of said sales. Each of petitioners has a common right against all of said defendants to set aside said sales, as they own said property in common. This amendment was allowed October 19, 1925.

McDilda demurred to said petition, on the ground, (1) that it sets forth no cause of action, either legal or equitable, against him; (2) that under the allegations in the petition the plaintiffs are not entitled to any relief, either legal or equitable, against him; and (3) that the allegations of the petition do not make such a case as entitles the plaintiffs to any discovery or relief as prayed. He demurred specially to the petition, on the ground that there was a misjoinder of causes of action and of parties defendant. There were other grounds of special demurrer, which need not be set out. The defendants jointly demurred to said petition on the grounds, (1) that it sets forth no cause of action, either legal or equitable; (2) that the allegations of the petition are too vague and indefinite to be the basis of a recovery; (3) that the allegations show that the sales of the lands therein described were at public outcry, before the court-house door, to the highest bidder for cash, and that there was no fraud or collusion between the administrator and the purchaser; (4) that the land in Tattnall County was sold as the property of Jeff Lynn, and the deed was given by Jeff Lynn as part of the purchase-money of said land at a judicial sale under the security deed from D. M. Collins to Ida M. Collins; and (5) that there is no equity in the bill.

The court sustained the general grounds of demurrer and dismissed the petition. To this judgment the plaintiffs excepted.

*W. T. Burkhalter,* for plaintiffs.

*Kirkland & Kirkland, H. H. Elders,* and *Enoch J. Giles,* for defendants.