IN RE ESTATE OF MOLINDA E. VAN DER WERF.

No. 48011.

(Reported in 53 N.W.2d 238, 54 N.W.2d 927)

MAY 6, 1952.

OPINION MODIFIED AND REHEARING DENIED SEPTEMBER 19, 1952.

Hansen & Wheatcraft, of Des Moines, for appellant.

Ed R. Brown and Wm. M. Carron, both of Des Moines, for appellee.

MULRONEY, J.—The estate of Molinda E. Van Der Werf, deceased, consisted of about $60 personal property and a parcel of realty worth less than $2000. The two claims in the estate filed by the Iowa State Board of Social Welfare totaled $6390.75. The administrator secured an order of court to sell the realty "upon such terms as shall be most advantageous to the estate." The court appointed appraisers who appraised the property at $1500 and the administrator proceeded to take bids from various interested prospective purchasers. In all, about ten different persons saw or telephoned the administrator and made oral or written bids as to the price they would pay for the property. The administrator accepted the bid of Fey H. Moody for $1750

cash and on July 17, 1951, he reported that fact to the court and prayed that the sale to Mr. Moody be approved as "advantageous and in the best interests of the estate" and the clerk directed to endorse the court's approval on the deed and that he be authorized to deliver the deed to the purchaser upon payment of the purchase price.

The above report came on for hearing on July 21, 1951, and on said date the court made an order in which he found that such sale was "an advantageous one, in the best interests of the estate" and should be approved. The order went on to approve the sale, direct the clerk to endorse the court's approval on the administrator's deed, and authorize the delivery of the deed upon payment of the purchase price. Mr. Stewart pleads that immediately after the approval of the sale the executor "executed and delivered to Fey H. Moody a deed to said property which is of record in Deed Journal 16 on pages 15 and 16 of the records in the clerk's office."

On July 31, 1951, one J. E. Stewart filed what is entitled "Application to Set Aside Order Approving Report of Sale and Deed." The gist of Mr. Stewart's application is that he had made a higher bid on the property, or $1850, and his bid with a $200 check was in the administrator's hands before he filed his report of sale to Moody on July 17, 1951. The court set the application down for hearing and ordered notice be given to the administrator, Mr. Moody, and the Board of Social Welfare. Mr. Moody, who is a lawyer, appeared in person at the hearing which was held on September 17, 1951, and he examined or cross-examined all of the witnesses. The administrator, who is also a lawyer, appeared and he cross-examined Mr. Stewart and he also testified, being examined by Mr. Moody and cross-examined by Mr. Stewart's counsel. The trust officer and the attorney for the Board of Social Welfare were present at the hearing but took no part in the proceedings. They told the court they were there as spectators and not as parties. The evidence showed a dispute as to whether the administrator did actually receive Mr. Stewart's bid of $1850 before he filed his report of sale to Moody on July 17, 1951. The administrator said he did not receive the bid until July 18, 1951. But it is clear that both the administrator and

the court knew all about Mr. Stewart's offer of $1850 before the entry of the order of July 21, 1951. Thereafter, on September 25, 1951, the court made an order setting aside the order of July 21, 1951, as being "improvidently made by the court, a higher offer being then in the hands of the administrator" and setting aside the administrator's deed. Mr. Moody appeals and we understand Mr. Stewart resists the appeal.

 I. Mr. Moody argues the question of the right of Mr. Stewart to attack the sale to him. Mr. Stewart in his brief ignores this issue. We hold it fatal to Mr. Stewart's case. This property could only be sold to pay debts of the estate. The only claimant in the estate, the welfare board, did not complain of the sale. None of the heirs complained. Mr. Stewart has no interest in the estate. The sale to Mr. Moody was at most voidable and not void. "Strangers or third persons having no interest in the estate cannot make any attack on the sale." 33 C. J. S., Executors and Administrators, section 294b, page 1326. "Only persons in interest have any standing to invoke the aid either of the court of equity or the court of probate to set aside the sale of a decedent's property under a court order." 34 C. J. S., Executors and Administrators, section 615. See also Fraser v. Rummele, 195 Ga. 839, 25 S.E.2d 662. It is about like the situation where the executor or administrator is a purchaser at his own sale and it is held heirs, devisees, legatees and creditors may avoid the sale but "strangers, as, for example, an unsuccessful bidder, possessed no such standing." 21 Am. Jur., Executors and Administrators, section 650.

In Terry v. Clothier, 1 Wash. 475, 476, 25 P. 673, the plaintiffs sued to have a sale of lands in an estate set aside on the ground of fraud and alleged their willingness to make an advance bid of ten per cent on the price for which the lands were sold. The trial court's ruling sustaining the demurrer to the complaint was affirmed, the opinion stating: "It appears from the complaint in this case that the plaintiffs were not parties interested in the estate. No one else has a right to object to a confirmation of sale."

In Collins v. Collins, 162 Ga. 35, 132 S.E. 389, 392, it was held plaintiffs' petition to set aside administrator's sale of lands (indirectly to himself) failed to state a cause of action because:

"plaintiffs do not allege that they are heirs at law or creditors of the intestate, nor do they otherwise allege facts showing that they are such heirs or creditors, or that they have any title or interest in said lands."

In Curlee Clothing Co. v. Boxer, Mo. App., 51 S.W.2d 894, where the petition to set aside an order to sell property in an estate merely stated the plaintiffs were creditors of the estate the court held no cause of action was stated because it failed to state the plaintiffs were creditors by reason of an allowed claim in the estate. See also Hightower v. Hodges, 166 Ga. 639, 144 S.E. 27.

II. We assume Mr. Stewart's right to attack the sale was argued in the trial court. The record does not show this, but it is argued strenuously here in Mr. Moody's brief and Mr. Stewart's brief does not state the point was not presented to the trial court. Better practice would have been for Mr. Moody to file a resistance attacking the standing of Mr. Stewart to question the sale. But if the issue was not raised in the trial court the evidence would not warrant the setting aside of the sale.

The application seeks to have the sale set aside on the ground of fraud. Mr. Stewart does not state he was defrauded but that the Department of Public Welfare was defrauded. There was no fraud on the court for the court knew all about Mr. Stewart's higher bid at the time he signed the order confirming the sale to Moody. The almost universal rule is that the proof of fraud necessary to set aside such a sale must include proof of some participation by the purchaser in the fraud or at least that he had some notice thereof. 34 C. J. S., Executors and Administrators, section 622c. Harkness v. Hartwick, 49 Idaho 794, 796, 292 P. 592, 593; Graham v. Floyd, 214 N. C. 77, 197 S.E. 873. In the Harkness case the opinion states:

"It will be noticed that there is an entire failure to charge respondent either with knowledge of or participation in the fraud alleged. He stands before the court as a bona fide purchaser, with conduct unassailed. It is fundamental that a sale [by administratrix] will not be set aside for fraud, to the prejudice of the purchaser, without allegation and proof that the purchaser at such sale was a party to the fraud."

The application to set aside the sale did not allege Mr. Moody participated in the alleged fraud. There is no evidence that he ever knew of Mr. Stewart's higher bid until the application to set aside the sale was filed.

The order appealed from is reversed, costs to be taxed to Mr. Stewart.—Reversed.

THOMPSON, C. J., and BLISS, OLIVER, GARFIELD, WENNERSTRUM, SMITH, and HAYS, JJ., concur.

MANTZ, J., concurs in result.