[No. 33558. Department One. September 13, 1956.]

*In the Matter of the Estate of* ARTHUR SCHOLES, *Deceased.*
L. H. McCLELLAN *et al., Appellants,* v. LUELLA C. JACKSON,
*as Administratrix, et al., Respondents.*[1]

*Melvin T. Swanson,* for appellants.

*Neal Clark,* for respondents.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Anthony Savage, Jr.,* for respondent Von Endt.

SCHWELLENBACH, J.—Arthur Scholes died intestate on March 10, 1954. Luella Jackson was appointed administratrix of the estate. April 18, 1955, L. H. McClellan and his wife submitted a proposal, by letter, to purchase a parcel of realty belonging to the estate. April 21, 1955, the administratrix filed a petition for order of sale, alleging that the sale of certain property, appraised at three thousand dollars, was necessary to effect a proper distribution of the es-

[1] Reported in 301 P. (2d) 172.

tate. An order of sale was entered the same day. Notices were posted and publications made as required by statute. The notice recited that the bids be for cash and in writing and delivered to the attorney for the estate, or filed with the clerk of the court on or before noon of June 15, 1955.

April 27th, the McClellans withdrew their earlier bid. June 14th, they filed a written bid of $3,510 with the clerk of the court. One Von Endt had submitted a bid of $3,500 within the time limit, and on June 17th the administratrix, not knowing of the new McClellan bid, filed a return of sale reciting that Von Endt was the highest and best bidder. July 1st, the McClellans filed objections to the return of sale. Thereafter, they petitioned for and obtained a show cause order directing the administratrix to show cause why she should not amend her return to report them as the successful bidders. The administratrix then filed an amended return which again named Von Endt as the successful bidder, to which the McClellans objected. The matter was heard on July 26, 1955, and the court entered an order confirming the sale to Von Endt. The McClellans appeal.

■ When real property is ordered sold under probate proceedings, considerable latitude is accorded to the court which has supervision of such matters, to the end that the best interests of the estate may be subserved. *In re Holburte's Estate,* 48 Wash. 378, 93 Pac. 529. It is vested with sound judicial discretion when called upon to determine whether or not a sale should be confirmed, and we should not substitute our judgment for that of the trial court. *Summars v. Wilson,* 205 Ark. 923, 171 S. W. (2d) 944. The law is not concerned with bidders in such sales, but with the interests of the estate and of those entitled to the proceeds of the sale. If a court should confirm a sale which would result in substantial injury to the estate, such action would constitute an abuse of discretion. Here there was only a spread of ten dollars between the two bidders and we cannot say that the trial court abused its discretion in confirming the sale to Von Endt.

■ Furthermore the McClellans have no right to object

to the order of confirmation. RCW 11.16.040, a part of the probate code, provides:

"Any interested party may appeal to the supreme court from any final order, judgment, or decree of the court, and such appeals shall be in the manner and way provided by law for appeals in civil actions."

Are unsuccessful bidders, under an order of sale of real property in probate proceedings, "interested" parties entitled to appeal from an adverse ruling on their objections to a return of sale?

*Terry v. Clothier*, 1 Wash. 475, 25 Pac. 673, was an action by unsuccessful bidders who alleged that they were prevented from objecting to the confirmation of a sale by the probate judge absenting himself from his office. This court affirmed a judgment dismissing the action upon the sustaining of a demurrer to the complaint, saying:

"It appears from the complaint in this case that the plaintiffs were not parties interested in the estate. No one else has a right to object to a confirmation of sale."

The *Terry* case was cited with approval in *In re Estate of Van Der Werf*, 243 Iowa 1162, 53 N. W. (2d) 238, 54 N. W. (2d) 927. There, an unsuccessful bidder (who had submitted a higher bid than the one confirmed) sought to have the order confirming the sale, and the deed, set aside. The court said:

"This property could only be sold to pay debts of the estate. The only claimant in the estate, the welfare board, did not complain of the sale. None of the heirs complained. Mr. Stewart has no interest in the estate. The sale to Mr. Moody was at most voidable and not void. 'Strangers or third persons having no interest in the estate cannot make any attack on the sale.' 33 C. J. S., Executors and Administrators, section 294b, page 1326. 'Only persons in interest have any standing to invoke the aid either of the court of equity or the court of probate to set aside the sale of a decedent's property under a court order.' 34 C. J. S., Executors and Administrators, section 615. See also *Fraser v. Rummele*, 195 Ga. 839, 25 S. E. 2d 662. It is about like the situation where the executor or administrator is a purchaser at his own sale and it is held heirs, devisees, legatees and creditors

may avoid the sale but 'strangers, as for example, an unsuccessful bidder, possessed no such standing.' 21 Am. Jur., Executors and Administrators, section 650."

The only interest of appellants is that of obtaining property from the estate by offering ten dollars more than the other bidder. The estate is not interested. The heirs are not interested. The legislature did not give to these appellants, situated as they are, the right to appeal.

The order of confirmation is affirmed.

DONWORTH, C. J., HILL, OTT, and ROSELLINI, JJ., concur.