### HAMILTON v. ROGERS.

ATKINSON, J. 1. The first and second assignments of error, which relate to the ruling of the court in not excluding certain deeds from evidence, are not discussed in the brief of counsel for plaintiff in error; and under the rulings of this court such assignments of error will be treated as abandoned. *Mayson* v. *State*, 124 *Ga.* 789(2).

2. Where a promissory note, dated January 21, 1897, for $90 as principal, contains the further agreement to pay all interest at the rate of eight per cent. per annum "with all costs of collection including ten per cent. attorney's fees," the amount of the attorney's fees to be paid thereon at any given time is to be ascertained by adding to the principal debt the accrued interest and calculating ten per cent. on the amount. *Morgan* v. *Kiser*, 105 *Ga.* 104. Thus calculating upon such a note at a time when $36 as interest had accrued, the amount of attorney's fees due thereon would be $12.60.

3. When such a note is sued on in a justice's court, the summons requiring "the defendant to answer the plaintiff demand in an action of debt due by note, a copy being attached," such suit will be construed to be for the recovery of the principal, interest, and attorney's fees. *Peeples* v. *Strickland*, 101 *Ga.* 829.

(*a*) In such case the attorney's fees will be treated as a part of the principal debt.

(*b*) The principal debt thus sued for, being $102.60, exceeds the amount which the justice's court has jurisdiction to entertain, and the judgment of the court and execution issued thereon are void.

(*c*) It follows that the sheriff's sale under such execution is also void, and that no title passed by virtue thereof.

4. But where a series of several notes such as described are given for a debt which is secured by a deed to land, and, by means above indicated, a void sheriff's sale of the land is accomplished under the several fi. fas., a bona fide purchaser at the sheriff's sale, who pays the purchase-price, which is sufficient to pay and does pay the entire debt represented by the several notes and secured by the deed, thereupon becomes subrogated

,to the rights of the holder of the security deed. Civil Code, § 5471; Ashley v. Cook, 109 Ga. 658. The security deed and notes will stand as if there had been no attempt made to enforce them, and such purchaser may, if he elects, maintain ejectment on the strength of the title held by virtue of the deed.

5. In an ejectment case upon a security deed, the plaintiff would have no better title than the maker of the deed; and if the suit be against one in possession who is not a party to the security deed, the burden will be upon the plaintiff to show title in the maker of the security deed, or some other state of facts sufficient to show a legal right to possession superior to the right of the defendant.

6. In this case the evidence shows that the defendant claims 4.88 acres of the land in dispute from a source different from the plaintiff's claim of title, and as to those acres the plaintiff makes no proof of title in the maker of the security deed, nor otherwise shows title in himself, and, having failed to carry the burden of proof, could not recover them.

7. As to the remaining 30 acres in dispute, it appears from the evidence that the defendant claims under a chain of title which extends back to a deed executed by the maker of the security deed a number of years before the execution of the security deed. This makes the parties claim under a common grantor, and, as to the 30 acres, avoids the necessity of the plaintiff showing title in the maker of the security deed, and leaves the sole question as to which has the better title under him.

8. Where the chain of title of the defendant originates in an older deed than that relied upon by the plaintiff from the common grantor, but which is itself a security deed, the defendant, being in possession thereunder, could not be evicted until the debt secured by her deed was paid.

9. Whether the deed from the common grantor under which defendant claims was a security deed or an unconditional deed, it was senior in point of execution as well as of record to that under which the plaintiff claimed, and in either event, being held upon a valuable consideration, may be relied on to defeat a recovery by the plaintiff.

10. Where the common grantor is the husband of the defendant, and the title relied on by the defendant is by virtue of a deed from the grantee in a security deed from the husband, a subsequent deed of bargain and sale from the husband directly to the wife, not approved by the superior court of the wife's domicile, will not operate to extinguish by merger the security deed held by the wife, where it appears that the wife did not claim under such deed. Webb v. Harris, 124 Ga. 723.

11. Where a husband secures a debt to a third person by deed to land, and the wife of the debtor pays the husband's debt to his creditor and takes from such creditor a deed to the land, in a suit against the wife to recover the land by one claiming title from the husband by a junior deed the plaintiff is not entitled to recover until the debt is discharged; and where there is no evidence attacking the good faith of the wife in the transaction with her husband's creditor, or showing the discharge of the debt, no issue of fact is presented, and it is proper to direct a verdict for the defendant. Such direction is not rendered improper on account of the claim by the plaintiff in this case that the money with which the

wife paid the debt was really the money of the husband, there being no
evidence upon which such claim could be founded.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

Argued January 19,—Decided July 28, 1906.

Complaint for land.  Before Judge Gober.  Milton superior
court.  March 6, 1905.

W. H. Hamilton brought an action ot ejectment against A. L.
Rogers and his wife, Mrs. Julia A. Rogers, to recover land lot num-
ber 477 in the first district and first section of Milton county, con-
taining 40 acres more or less.  A. L. Rogers filed a disclaimer, and
the case proceeded against Mrs. Rogers, who set up title to 30
acres, claiming under a deed from A. L. Rogers, executed in 1882
to Lowe & Knox, and a chain of conveyances from Lowe & Knox
to herself.  She denied that A. L. Rogers ever had any interest in
any other part of the lot, and asserted that she held title to an
additional 4.88 acres of said lot, which she derived from Mrs.
Sallie Moore, wife of Joseph L. Moore.  The evidence discloses that
the plaintiff based his claim of title upon the following state of
facts: On January 21, 1897, A. L. Rogers executed to C. W. Sum-
merour a deed to secure a debt, conveying the premises in dispute.
Rogers having failed to pay the secured debt upon maturity, the five
promissory notes for $90 each, which represented the debt for which
the deed was given as security, were sued on by Summerour in a
justice's court and judgment rendered for the plaintiff in each case.
Executions were regularly issued, and Summerour executed to A. L.
Rogers a quitclaim deed reconveying the property, and caused the
same to be filed and recorded.  Thereupon levies were regularly
made upon the land under each fi. fa., and sheriff's sale thereof
was made on April 7, 1903, at which the plaintiff became the pur-
chaser at the price of $750.  The purchase-money was applied to
the satisfaction of the justice's court fi. fas. above referred to; and
a balance of $80.88 was left in the hands of the sheriff and claimed
by other creditors of Rogers.  The plaintiff, at the time he bought,
had no actual notice of any claim by Mrs. Rogers adverse to that of
her husband.  By notice to produce the plaintiff required Mrs.
Rogers to bring into court a deed from said A. L. Rogers to her-
self, dated July 3, 1901, and recorded March 1, 1904, conveying
to her, among other things, lot number 477.  The deed recited,

among other things, that "in consideration of the sum of two thousand dollars paid out and expended in my behalf by my wife, the receipt whereof is hereby acknowledged, and in consideration of her assuming and agreeing to pay the following debts, to wit, one to C. W. Summerour for the principal sum of $450, and one to John I. Teasley for the principal sum of $435, both of which are secured by mortgage deeds to the property hereinafter described [the land in dispute and other land]; also the justice court judgment in favor of Thomas L. Collins, deceased, . . against me, and the debt I owe to Lowe, . . I do hereby grant, bargain, sell, . . and convey to said Julia Rogers the following described land." There was no material conflict of evidence upon the foregoing facts. The defendant, in support of her claim of title to the 30 acres of lot number 477, introduced evidence to the effect that on May 5, 1882, by deed duly executed and recorded, A. L. Rogers conveyed to Lowe and Knox the land in dispute as security for a debt; that Joseph L. Moore paid the debt to Lowe and Knox, and from them took a deed duly transferring the property to himself, which was duly recorded; and that when this was done, it was agreed between A. L. Rogers and his wife that if she paid off the debt of her husband, which then amounted to $620, Moore should convey to her the land in dispute. She proceeded to make payments at intervals, and on November 22, 1895, as she claims, she made the final payment which discharged the debt. It was then attempted to have executed a deed from Moore to her, but on account of illness in the family of the person whom they sought to engage to draw the deed, it was not then drawn. On January 14, 1904, the deed was executed by said Joseph L. Moore, and duly placed upon record, conveying to Mrs. Rogers the 30 acres in question. This deed, however, was made under compulsion; for it appears to have been executed in obedience to a decree of the superior court of Forsyth county, rendered in the case of Julia A. Rogers v. Joseph L. Moore and A. L. Rogers. In that suit, which was filed to the February term, 1903, Mrs. Rogers alleged the facts as already set forth, and that after she had made the final payment to Moore on her husband's debt, and after the failure to get the deed executed, her husband without her knowledge or consent, and disregarding his agreement with her, had, on January 21, 1897 (about two years after she had finished paying Moore), conveyed the 30 acres of land and

other land to C. W. Summerour to secure a debt of $450; that on
November 16, 1899, A. L. Rogers had conveyed said land and
another lot to M. G. Duck to secure a loan; that this deed was
transferred by Duck to John I. Teasley, who had obtained judgment
upon the debt; that he caused said lands to be levied on to be sold;
and although she had paid to Moore the sum of $620 by her own
money, upon the faith of the agreement of her husband and Moore
that Moore should convey the land to her, yet said Moore refused
to convey.   Whereupon she prayed the court for specific perform-
ance by Moore, and that the deeds to secure the debt be canceled as
clouds upon her title.   Upon demurrer to that suit, all parties ex-
cept A. L. Rogers and Joseph L. Moore were dismissed.   In Moore's
answer to the suit he denied that he had ever agreed to make Mrs.
Rogers a deed to the 30 acres, or that she had ever demanded one;
but alleged, that on December 19, 1897, he had a final settlement of
all matters between them with A. L. Rogers, in which, after allow-
ing Rogers credit for all money paid either by him or by his wife,
Rogers was still found due and owing Moore $66.43, which was
credited, by direction of Rogers, on the note; that since that time
credits for all other payments by the husband or wife had been duly
made, but that, after all credits had been allowed, a balance was
still due on the debt for which the land was held.   It was prayed,
that, should the jury find that there was a valid agreement as
claimed by Mrs. Rogers and that the deed should be made to her,
she be required to pay the balance so owing before he should be
required to execute the deed.   The jury, at the August term, 1903,
found $150 due to Moore, and required him, upon the payment of
that sum and costs of court, to execute a deed to Mrs. Rogers; and
it was so decreed.   The deed hereinbefore recited from Moore to
Mrs. Rogers was in obedience to this decree.

    On the trial of the present case, Moore testified as a witness; and
his testimony as to amounts and dates of payments was in accord-
ance with the claims made by Mrs. Rogers in her suit in Forsyth
superior court, except that he claimed that there was a balance due
him.   She testified that she paid substantially all the money; and
receipts were introduced from Moore to Mrs. Rogers, running
through a number of years, for the sum of money which she claimed
to have paid.   Moore's wife was a sister of A. L. Rogers.   Under
the testimony of Moore, A. L. Rogers had never owned any interest

in lot 477, except the 30 acres before referred to. He testified, that in the division of the estate of William Rogers, the father of Mrs. Moore and A. L. Rogers, the 30 acres referred to came to A. L. Rogers, and the remainder of the lot came to Mrs. Moore; that the remaining 4.88 acres, claimed by Mrs. Rogers, was obtained by her from Mrs. Moore by exchange made in 1895, for another piece of land not involved in the litigation. The deed to the 4.88 acres bears date in 1903. Mrs. Rogers explained that it was not executed until about February, 1904.

The court directed a verdict in favor of the defendant. The plaintiff excepted, and assigned error on the following rulings: (1) "The plaintiff introduced in evidence deed book 'G,' page 531, of the clerk's office of the superior court of Milton county, wherein a deed from Lowe & Knox to Joseph L. Moore, dated March 10, 1884, purports to have been recorded in said book on December 5, 1900. From said original deed book it appeared that said deed was re-corded as one from Lone C. Knox to Joseph L. Moore, and that nowhere in said record did it appear to be a deed from Lowe & Knox to said J. L. Moore. This being shown the court, counsel moved to rule out said deed and exclude the same from the jury, on the ground that the same was not properly recorded. This the court refused to do, and permitted said deed to remain in evidence before the jury." (2) "Counsel for plaintiff moved to exclude from evidence the deed from Sara L. Moore to Julia A. Rogers, dated February 29, 1903, purporting to convey the 4.88 acres in lot num-ber 477, on the ground that the same purported to have been exe-cuted in the county of Milton and was attested by G. H. Barker, a justice of the peace, in the county of Gwinnett, it being alleged that the same was not properly recorded, and that there was no proof of the execution of the original. The court refused to rule out said deed." (3) The court erred, (*a*) in not submitting to the jury to decide whether the debts secured by the deeds from A. L. Rogers to Lowe & Knox and from Lowe & Knox to J. L. Moore, had not been paid off and discharged by A. L. Rogers with his own money, and that the title thereto had become vested in said A. L. Rogers. (*b*) In holding that the fi. fas. in favor of C. W. Sum-merour against A. L. Rogers and the judgments upon which they were founded and the sale of the land in dispute under the execu-tions were null and void, because the justice's court had no juris-

diction of the notes upon which said judgments were founded. (c) In not holding that the plaintiff was subrogated to the title of C. W. Summerour to the premises in dispute, by reason of his having bid off the land at said sheriff's sale under said fi. fas., and having paid for the said land so bid off at sheriff's sale a sum of money more than sufficient to pay off and discharge the indebtedness of said A. L. Rogers to Summerour, which was secured by the deed of Rogers to Summerour, and which indebtedness was paid off and discharged with the money of plaintiff. (d) In not holding that the defendant was estopped by reason of the fact that she accepted a deed from A. L. Rogers to the premises in dispute, in which deed it was recited that a part of the consideration thereof was the payment by her of the indebtedness of A. L. Rogers to C. W. Summerour, secured by the deed of A. L. Rogers to said C. W. Summerour.

J. P. Brooke and J. K. Hines, for plaintiff.

H. L. Patterson, for defendant.