## HIGHTOWER *et al. v.* HADDOCK.

1. An assignment entered on the back of a deed to land to secure a debt and executed with the formalities of a deed, stating that for value received " we hereby transfer and convey " to the named transferee " the within security deed, together with all right, title, and interest we may have in the property described therein," was sufficient to transfer the legal title to the land, and to authorize the transferee to exercise all of the remedies of the transferor for enforcing collection of the debt.

2. It was not error to direct the verdict for the plaintiff.

No. 2963.    MARCH 18, 1922.

Ejectment.   Before Judge Worrill.   Early superior court. October 10, 1921.

*W. I. Geer,* for plaintiffs in error.   *Glessner & Collins,* contra.

GILBERT, J.   J. D. Haddock brought ejectment against Charles and Gene Hightower.   After evidence had been introduced and both sides had closed, the court directed a verdict for the plaintiff, and judgment was entered thereon.   The defendants filed a motion for a new trial, on the general grounds, and also on the special ground that the testimony adduced in the trial, with all reasonable deductions therefrom, did not demand a verdict for the plaintiff. The brief of evidence shows that Gene Hightower executed to the Citizens Bank of Blakely a security deed containing a power of sale and a provision that the person exercising the power might become the purchaser at the sale, and that " a transfer of said indebtedness by contract or operation of law shall operate to vest this power in the transferee," conveying the land in dispute, dated March 28th, 1918, recorded May 15th, 1918.   A written transfer was entered on the back of this deed, as follows: " Georgia, Early County.   For value received we hereby transfer and convey to John D. Haddock the within security deed, together with all right, title, and interest we may have in the property described therein. In witness whereof we hereunto set our hand and seal.   Citizens Bank [corporate seal] by R. O. Waters, Cashier.   Signed, sealed, and delivered in the presence of R. C. Howell, John G. Butler, N. P. Early County, Georgia.   (Seal)."   There also appears in the brief of evidence a warranty deed from Gene Hightower (signed by John D. Haddock, his attorney in fact), to John D. Haddock, dated June 3, 1919, recorded June 10, 1919, conveying the land in dispute; also advertisement of sale of said land under power

of sale, showing that said advertisement was published as required under the terms of the security deed; also warranty deed from Mrs. S. N. J. Sirmons to Gene Hightower, dated March 28, 1918, filed for record March 29, 1918. There was oral evidence tending to show the circumstances under which the foregoing instruments were executed; that the debt secured by the deed was due and unpaid, and that there was no tender of payment; also the death of Gene Hightower, the appointment of his administrator, and the making of such administrator a party to the suit. The court refused to grant a new trial, and the defendants excepted.

The assignment by the Citizens Bank of Blakely to John D. Haddock entered on the back of the security deed was executed with the formalities of a deed, and, though referring to the deed itself for a description of the property, was sufficient to transfer legal title to the land, and to authorize the transferee to exercise all of the remedies of the assignor or transferor for enforcing the collection of the debt. *Hunt* v. *New England Mortgage Co.*, 92 *Ga.* 720 (19 S. E. 27). The verdict for the plaintiff was demanded, and the court did not err in directing the verdict accordingly.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*