Complaint; from city court of Macon — Judge Gunn. July 10, 1922.

*Clements & Clements, Hall, Grice & Bloch,* for plaintiff in error. *Harris, Harris & Witman,* contra.

---

### 13928.    SAUNDERS & McMULLEN *et al. v.* HUDSON.

STEPHENS, J. 1. In a suit to recover for an alleged violation of an alleged parol contract of rescission of a written contract, parol evidence of certain agreements and understandings between the parties as respects the original transaction evidenced by the written contract, although such agreements and understandings may amount to variations of the terms of the written contract, and may for such reason be inadmissible in a suit upon such written contract, is not, since the objection urged does not apply to the contract sued upon, for such reason inadmissible in the present suit. But where, as here appears, such agreements and understandings were relevant as illustrating the pending issue, they were properly admitted over the objection that they sought to vary the terms of a written contract. *Carter Moss Co.* v. *Lomax,* ante, 718.

2. Where in such a suit the alleged breach consists in a failure of the defendant to refund to the plaintiff the amount paid by the plaintiff to the defendants as purchase-money under a contract of sale, evidence that one of the defendants had agreed with the plaintiff to induce a creditor of the defendants, whose claim against the defendants the plaintiff had agreed to assume as part of the purchase-price, to substitute the plaintiff as his debtor and give the plaintiff an extension of time on the debt; and evidence as to the conduct of one of the defendants in accompanying the plaintiff to the office of the creditor in apparent furtherance of such agreement, and the failure of such defendant to exert himself to carry out such agreement, and the plaintiff's proposing a rescission on account of such failure, and the conversations between the defendant and the plaintiff at the time in respect to the transaction, including an acquiescence in the plaintiff's proposal, are relevant as part of the res gestæ of the transaction and as corroborative of other evidence tending to establish the alleged contract of rescission.

3. Since the posting of a letter, stamped and properly addressed, raises a presumption that it was received in due course of mail by the addressee, the judge did not err when, in ruling upon the question of the admissibility of evidence, he so stated.

4. The objection urged by the defendants to the tender in evidence by the plaintiff of a letter received by him, purporting to be from the the defendants, upon the ground that its execution was not shown,

was without merit, since it otherwise appears from the evidence that it was written by authority of one of the defendants.

5. Certain observations made by the trial judge in passing upon objections to evidence are not subject to the objection that they amount to expressions of opinion upon the facts in issue.

6. The charge of the court fully instructed the jury as to the respective rights of the contending parties under the alleged contract of rescission sued upon, and a failure to instruct the jury relative to the law of rescission and as to what constitutes a contract of rescission was not error.

7. Evidence that the plaintiff, upon execution of the original contract of sale, failed to give certain notice to creditors of the defendants, required under the Florida bulk-sales act, was irrelevant, and could not illustrate any issue in the case, and its exclusion was not error as complained of by the defendants.

8. This suit having originally been instituted against partners, and one of the partners having since died and the receiver of his estate having been made a party defendant, the suit is now being defended by "persons jointly liable or interested," and the opposite party, the plaintiff, is incompetent " to testify in his own favor as to transactions or communications solely with . . a deceased . . person jointly liable or interested." Civil Code (1910), § 5858 (2). It was therefore error to permit the plaintiff to testify as to certain transactions and conversations between him and such deceased person, as set out in ground 2, 4, and 5 of the amendment to the defendant's motion for a new trial, the admission of which was prejudicial to the defendants, and for this reason a new trial must be granted.

*Judgment reversed. Jenkins, P. J., concurs. Bell, J., disqualified.*
DECIDED SEPTEMBER 21, 1923. ADHERED TO ON REHEARING, SEPTEMBER 29, 1923.

Complaint; from Seminole superior court — Judge Worrill. August 12, 1922.

Application for certiorari was denied by the Supreme Court.
*Hartsfield & Conger,* for plaintiffs in error.
*Pottle & Hofmayer, John R. Wilson,* contra.