OWENS *v.* CONYERS.

No. 13101. FEBRUARY 13, 1940. REHEARING DENIED MARCH 15, 1940.

*J. D. Tindall, Clint W. Hager,* and *J. F. Kemp,* for plaintiff in error.

*J. G. Roberts* and *Gordon B. Gann,* contra.

DUCKWORTH, Justice. Mrs. Mamie Conyers brought suit against Charlie Owens, to recover described realty. The petition alleged, that the land in question was conveyed to Mrs. Beulah I. Goodwin by A. H. Irvine by security deed dated October 23, 1928; that Mrs. Goodwin, on September 6, 1933, transferred and assigned the loan deed and conveyed the property therein described and the note secured by the same to Mrs. Sarah Black; that Mrs. Sarah Black executed a quitclaim deed conveying the same land to the estate

of Phenia Richards Irvine, on August 6, 1934, for the purpose of making levy and sale of the land described in the loan deed, upon which a judgment in rem had been obtained; that the sheriff executed a deed conveying the land to John S. Irvine as the purchaser at the sale under the judgment of foreclosure; that John S. Irvine, on August 15, 1934, executed to Mrs. Mamie Conyers a loan deed conveying the land with power of sale; that under the power in the security deed the land was sold to the plaintiff; and that both the plaintiff and the defendant claimed title to the land under A. H. Irvine as common grantor.

The defendant answered, admitting his possession of the land, and basing his right thereto upon a lease from Mrs. Beulah I. Goodwin, dated July 21, 1938. He alleged, that at the time of the execution of the security deed from A. H. Irvine to Mrs. Beulah Goodwin, Mrs. Goodwin was the owner of the land involved in this suit, and this land was embraced in that deed by mistake; that Mrs. Beulah Goodwin transferred and assigned the note and loan deed to Mrs. Black as alleged, and such assignment conveyed title to the land here involved, but the conveyance was to secure a debt, which had been paid, thereby causing title to again vest in Mrs. Goodwin; and that since she was not served with notice of the foreclosure proceeding, she was not bound thereby. The plaintiff demurred to the answer, on the ground that it constituted no defense to her action. The demurrer was sustained, and the answer was dismissed. On the trial the plaintiff introduced in evidence each of the deeds referred to in her petition, all of which were properly executed and duly recorded; also the judgment of foreclosure by Mrs. Black, and the execution issued thereon, together with the levy by the sheriff; also the answer of the defendant which had been stricken on demurrer, the substance of which is stated above. The court directed a verdict in favor of plaintiff. The defendant's motion for new trial was overruled, and he excepted, assigning error on that judgment and on the dismissal of his answer on demurrer.

■ The first question presented by the record for determination is the judgment sustaining the demurrer and dismissing the defendant's answer. While the answer averred that the assignment of the loan deed by Mrs. Goodwin to Mrs. Black was made for the purpose of securing a debt, yet, admitting this to be the sole pur-

pose, it can not be denied that by virtue of the assignment the assignee, Mrs. Black, was given all the rights, interests, and powers which the assignor had. *Hightower* v. *Haddock,* 153 *Ga.* 160 (111 S. E. 413) ; *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434). She was thereby authorized to reduce the note to judgment against the property (Code, § 67-1501, *Edwards* v. *Decatur Bank & Trust Co.,* 176 *Ga.* 194, 167 S. E. 292), to which proceeding Mrs. Goodwin was not a necessary party. It is contended by the plaintiff in error that since Mrs. Goodwin was the owner of the land here in dispute at the time of the execution of the security deed, and the land was placed in the security deed by mistake, that deed never served as a conveyance of this land, and the assignment of Mrs. Goodwin to Mrs. Black amounted to an independent conveyance of same to secure a debt. The fallacy of this contention is apparent when it is seen that Mrs. Goodwin, and not Mrs. Black, had knowledge of this fact, if it was a fact, and, without disclosing the fact to Mrs. Black, assigned the deed to her, which assignment was the equivalent of an approval of that deed and a representation that it was free from mistake. By her conduct in this respect Mrs. Goodwin and those holding under her are estopped from denying the correctness of the deed from Irvine to Mrs. Goodwin. In *Caraker* v. *Brown,* 152 *Ga.* 677 (8) (111 S. E. 51), where the owner stood by and saw another party convey his land to a third party, and executed a disclaimer of title which was attached to the deed, it was held that the owner was estopped from thereafter asserting title to the land so conveyed. See also *Harris* v. *Amoskeag Lumber Co.,* 101 Ga. 641 (2) (29 S. E. 302). It therefore affirmatively appears from the allegations of the answer that the defendant's grantor had divested herself of all title to the premises before the excution of the lease under which he holds possession. These facts refute the further averment of the answer that title reverted to Mrs. Goodwin upon the sale of the property under the foreclosure proceeding. The answer thus showed that the defendant's lessor held no title in 1938 when she executed the lease under which he claims. Accordingly, the answer constituted no defense to the plaintiff's suit, and was properly dismissed on demurrer.

■ It appears from the evidence that the defendant claims under a lease from Mrs. Beulah I. Goodwin, while the plaintiff claims under a chain of title which extends back to a security deed from

A. H. Irvine to Mrs. Goodwin, who transferred and assigned the security deed and the property therein described, as well as the note secured thereby. This makes the parties claim under a common grantor, and avoids the necessity of the plaintiff showing title in the common grantor, and leaves the sole question as to which has the better title under her. *Hamilton* v. *Rogers,* 126 *Ga.* 27 (7) (54 S. E. 926). By an assignment of the loan deed from A. H. Irvine by Mrs. Beulah I. Goodwin to Mrs. Sarah Black, dated September 6, 1933, as follows: "For value received, I hereby transfer and assign all my right, title, and interest in and to the within deed, and convey the property described therein to Mrs. Sarah Black," the common grantor effectively and completely divested herself of all title to the land in dispute; and if the plaintiff's chain thereafter connected with this assignment, it is superior to the defendant's claim, which is based solely on a lease from Mrs. Goodwin, dated July 21, 1938. But the transferee of the loan deed, Mrs. Black, sued on the secured debt and procured judgment against the property described in the deed, and under this judgment the property was sold, and the sheriff executed a deed conveying the same to John S. Irvine, the purchaser at the sale. The plaintiff in error makes the contention that the sheriff's deed was ineffectual as proof of title, because there was no evidence of possession of the premises by the grantor in the security deed under which the sale was made, at the date of its execution. We recognize this principle of law, but under the facts of this case it is inapplicable to this sheriff's deed, for the reason that the deed was not offered for the purpose of proving title but to supply a link in the chain of title from the common grantor. There was introduced in evidence along with this deed the foreclosure judgment which described the property as it was described in the security deed and showed on its face that it was a foreclosure of the security deed assigned by the common grantor. The sheriff's deed does prove a conveyance to the purchaser of whatever interest and title both the maker of the loan deed and the assignor, Mrs. Beulah Goodwin, had in the property conveyed.

It is further contended that the plaintiff's deed, showing that it resulted from a foreclosure sale under a security deed from John S. Irvine to plaintiff, is not evidence of title, because there was no proof that the grantor in the security deed was in possession when

the deed was executed. This deed, however, did convey to the plaintiff whatever title the maker of the security deed had in the premises; and since each link in the plaintiff's chain conveys the title and interest of the common grantor, Beulah I. Goodwin, originating with her conveyance or assignment in 1933, the evidence conclusively shows that this title of the plaintiff is superior to that of defendant, coming from Beulah Goodwin in 1938, after she had divested herself of all title by the assignment in 1933. The evidence demanded the verdict in favor of the plaintiff, and it was not error so to direct the jury.

Grounds of the motion for new trial not controlled by the foregoing rulings are without merit.

*Judgment affirmed. All the Justices concur.*