BURGESS *et al.* v. SIMMONS *et al.; et vice versa.*

Nos. 17133, 17147. September 14, 1950. Rehearing denied October 13, 1950.

*Martin, Snow & Grant,* for plaintiffs in error.

*James D. Shannon, Carlisle & Bootle, S. Gus Jones,* and *Kenneth L. Leake,* contra.

HEAD, Justice. ■ Counsel for W. H. Simmons offered in evidence the following letter:

> "A. T. Small Brick Company
> Manufacturers of Building Brick
> Plant Southern R. R. Tracks
>
> Macon, Ga., November 28, 1925.

"To Whom It May Concern: All orders and contracts contingent upon strikes, fires, accidents, delays of carriers or other causes beyond our control. Terms: Sight Draft, Bill of Lading Attached.

"I have given Mr. J. W. Simmons, of Twiggs County, Georgia, permission to cut and saw timber on my place where he now resides and which was formerly owned by him on the following terms:

"He is to receive Ten Dollars ($10.00) per thousand feet loaded in cars at Miller's siding or delivered in Macon by trucks, whichever appears more to his interest or suits his convenience better. This above Ten Dollars ($10.00) per thousand is to be received by him for the expense of cutting and hauling the lumber or whatever other expense he may be put to in getting it ready for the market: the balance of the sales price of this lumber shall be received by me and shall be accepted by me as a payment by Mr. Simmons on the land from which the timber is taken and which he intends purchasing from me.

"It is hereby agreed and understood that the lumber from this land shall not be sold for less than Eighteen Dollars ($18.00) per thousand feet and that no part of it shall be sold for less than this price, unless my consent to the sale is first obtained.

> G. L. Small
>
> By                    Atty."

Counsel for the Burgesses moved to exclude this letter on the ground that its execution was not shown, and for other reasons.

The examiner excluded the letter as a matter of law, and this finding was reversed by the trial court, to which exceptions pendente lite were duly filed, and error assigned thereon. The purpose of the letter was to show that there was a contract between Small and Simmons for a resale of the property to Simmons after the foreclosure sale. There is no evidence in the record tending to show any execution of the letter by anyone. W. H. Simmons testified that he procured the letter, along with other papers in an envelope, from an attorney for his father, after his father's death.

In *Manning* v. *Carroll*, 206 *Ga.* 159 (5) (56 S. E. 2d, 278), it was said: "A letter is not admissible in evidence without proof of its being genuine, and this proof can not be supplied solely by what appears on the face of the letter itself, to wit, the contents, the letterhead, etc." There being no effort made to prove the execution of the letter offered, or that it was genuine, it was not error to exclude the letter from evidence. See also *Johnson & Shahan* v. *East Tenn., Va. & Ga. R. Co.*, 90 *Ga.* 810 (17 S. E. 121); *Freeman* v. *Brewster*, 93 *Ga.* 649 (6) (21 S. E. 165); *Campbell* v. *State*, 123 *Ga.* 533 (5) (51 S. E. 644); *Kent & Downs* v. *Wadley Southern Railway Co.*, 136 *Ga.* 859 (72 S. E. 413).

The authorities cited by counsel for Simmons (*Walls* v. *Atlanta Newspaper Union*, 141 *Ga.* 594, 81 S. E. 866; *Cocroft* v. *Cocroft*, 158 *Ga.* 714, 718, 124 S. E. 346; *Gillen* v. *Coconut Grove Bank & Trust Co.*, 172 *Ga.* 908, 910, 159 S. E. 282; *Williams* v. *Williams*, 181 *Ga.* 493, 182 S. E. 904; *Deaderick* v. *Deaderick*, 182 *Ga.* 96, 185 S. E. 89; *Hollister Bros.* v. *Bluthenthal & Bickart*, 9 *Ga. App.* 176, 70 S. E. 970; *Bank of Ringgold* v. *Poarch*, 30 *Ga. App.* 102, 117 S. E. 114; *Saunders & McMullen* v. *Hudson*, 30 *Ga.* App. 732, 119 S. E. 535; *Owen* v. *Anderson*, 54 *Ga. App.* 53, 186 S. E. 864; and certain texts and citations from other jurisdictions) do not support the contention that this letter was admissible in evidence, when there was no evidence to show who prepared the letter, where it was prepared, under what circumstances, or that G. L. Small, his agent, or attorney, ever knew of the letter and its contents prior to the time it was offered in evidence; and it should have been excluded. The trial court erred in reversing the examiner's conclusion of law that it was inadmissible.

The original security deed from J. W. Simmons to Mrs. R. E. Small, dated March 27, 1920, was produced in. court and offered in evidence. Appearing on the security deed, immediately under the entry of transfer by Mrs. R. E. Small to G. L. Small, was the following entry: "Sept. 12/27, the note this deed secures having been paid but having been misplaced. It is not held by anyone else. [Signed] A. T. Small."

The examiner excluded the above notation from the evidence. This ruling was reversed by the trial judge, with proper exceptions pendente lite filed and error assigned thereon by the Burgesses. While counsel for all parties seem to concede that A. T. Small was, in fact, agent for G. L. Small, this entry was not admissible in evidence, either as an entry of cancellation or as an entry of payment and satisfaction.

The Code, § 67-1306, provides that deeds to secure debt may· be canceled in the same manner as mortgages are now canceled, by delivery of the deed to the grantor with an entry or order by the grantee or transferee to the clerk of the superior court directing that the deed be canceled. The clerk is required to write across the face of the record the order in full, and in addition thereto, the word, "Satisfied." The entry on the security deed (from Simmons to Small) was not a compliance with the requirements of the Code as an order of cancellation. *Citizens Bank of Moultrie* v. *Taylor*, 155 *Ga.* 416 (117 S. E. 247).

By deed dated September 1, 1927, G. L. Small conveyed the 146-acre tract of land, the subject of this litigation, to P. H. Williams, which deed was duly recorded on September 10, 1927, two days before the entry on the security deed signed by A. T. Small. There is no evidence to show that at the time Williams purchased the property he had any notice that J. W. Simmons claimed to have paid the debt described in his security deed to Mrs. R. E. Small. This deed to secure debt was of record without any entry of cancellation or satisfaction. The rule in this State is that, where a mortgage or security deed has been paid, a purchaser with notice of this fact would acquire no title, but where the debt has been paid and the record does not indicate payment, a purchaser without notice would acquire title. The grantor in a security deed, when he pays the debt, has the right to the security deed with an entry of cancellation, and it is his

duty to have the entry of satisfaction and cancellation entered upon the record. A sale apparently regularly made under valid power of sale will defeat the rights of the grantor in the security deed who has failed to have an entry of cancellation entered upon the record, although the debt described in the deed has been paid. *Ellis* v. *Ellis*, 161 *Ga.* 360, 362 (130 S. E. 681).

"When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." Code, § 37-113. If, in fact, J. W. Simmons paid the debt evidenced by his deed to Mrs. R. E. Small, and if Simmons' failure to have entered of record a proper satisfaction and cancellation could be charged to any of the Smalls, this could not operate against the rights of P. H. Williams.

Williams testified that he "had no knowledge or information that Mr. J. W. Simmons claimed title to the property at the time that I bought it from Mr. G. L. Small. Mr. Simmons told me it belonged to Small." The testimony of W. H. Simmons, attempting to contradict the positive testimony of Williams, is insufficient to raise any issue of fact as to whether or not Williams had the conversation with J. W. Simmons as testified to by him. G. L. Small having conveyed the property to P. H. Williams, who took without notice of any claim of payment by J. W. Simmons, the entry or notation of payment made by A. T. Small was not admissible, either as an order of cancellation, or as evidence that the debt from Simmons to Small had been paid. The trial court erred in reversing the examiner's conclusion of law excluding the notation.

■ W. H. Simmons attacks the foreclosure of the deed to secure debt from J. W. Simmons to Mrs. R. E. Small because the transfer of the security deed was not entered of record. This transfer was dated November 17, 1920, and as shown by the language of the transfer, it was sufficient to convey to the transferee, G. L. Small, all rights of Mrs. Small to the debt and in the land conveyed as security for the debt. *Hightower* v. *Haddock*, 153 *Ga.* 160 (111 S. E. 413); *Owens* v. *Conyers*, 189 *Ga.* 793, 796 (7 S. E. 2d, 675). The effect of a failure to record a security deed is the same as the effect of a failure to record a deed of bargain and sale. Code, § 67-1305. As against the

interest of third persons who have acted in good faith and without notice of a prior conveyance, and who may have acquired a transfer of the same property, deeds and liens of all kinds, which are required by law to be recorded in the office of the clerk of the superior court, take effect only from the date they are filed for record. Code, § 67-2501. A transfer of a security deed would stand on the same basis as a deed conveying title. *Citizens & Southern Bank* v. *Farr*, 164 *Ga.* 881 (139 S. E. 658); *Mortgage Guarantee Co.* v. *Atlanta Commercial Bank*, 166 *Ga.* 412, 415 (143 S. E. 562). In this case, W. H. Simmons does not claim as a grantee of Mrs. R. E. Small and without notice of the transfer by her of the deed to secure debt made by J. W. Simmons. His claim of title was acquired after notice by a properly recorded deed that the transfer had been made; and his contention that the transfer was invalid because it was not recorded can not be sustained.

Simmons contends that the sale under the powers contained in the security deed from J. W. Simmons to Mrs. R. E. Small was void because the grantee could not purchase, and because the deed to secure debt conveyed as security for the debt two tracts of land, one of which was not sold at the foreclosure sale.

The deed to secure debt did not by express terms authorize the grantee to purchase at a foreclosure sale of the property. The deed does provide that the sale shall be "to the highest bidder for cash," and that the grantee, her agents or assigns, "may bid at said sale should they desire." It is unnecessary to determine whether or not it was the intention of the parties that the right to bid, when the property was to be sold to the highest bidder, would include the right to purchase. If the purchase of the property by the transferee was unauthorized as contended, the deed made pursuant to the sale was not void, but merely voidable, and it would have to be treated as a valid conveyance until set aside in a proper proceeding for that purpose. *Fraser* v. *Rummele*, 195 *Ga.* 839, 840 (3) (25 S. E. 2d, 662.)

In the absence of any allegation or proof that the 65-acre tract of land was worth in excess of the amount of the prior lien, and at a public sale would have sold for more than the amount of the prior lien, J. W. Simmons could not have complained of the failure to include this tract of land in the sale. In any

event, if J. W. Simmons was injured, and the sale voidable because of such injury, the right to disaffirm such voidable sale was personal to J. W. Simmons.

In *Williams* v. *Williams Co.*, 122 *Ga.* 178 (50 S. E. 52), it was said that the right to disaffirm a voidable sale is personal to the mortgagor. This ruling was affirmed and restated in *Payton* v. *McPhaul*, 128 *Ga.* 510, 517 (58 S. E. 50). While the ruling in the *Williams* case was criticized in *Delray Inc.* v. *Reddick*, 194 *Ga.* 676, 684 (22 S. E. 2d, 599, 143 A.L.R. 519), it is still the law of this State, having been stated by a full bench, and having been followed in full-bench decisions. Only four Justices concurred in the *Delray* case, with Mr. Justice Grice dissenting. In *Fraser* v. *Rummele*, supra, this court in a full-bench decision cited *Williams* v. *Williams Co.*, supra.

In addition to the fact that the right to disaffirm a voidable sale is personal to a mortgagor, or grantor in a security deed, he is required to move within a reasonable time. J. W. Simmons never at any time (in so far as this record shows) filed any proceedings to disaffirm the exercise of the powers contained in his security deed to Mrs. R. E. Small. J. W. Simmons lived for thirteen years after the foreclosure sale, and under the facts appearing in this record, if he desired to disaffirm the sale, thirteen years was more than a reasonable time within which to do so.

Counsel for W. H. Simmons cite *Doyle* v. *Moultrie Banking Co.*, 163 *Ga.* 140 (135 S. E. 501), and *McDuffie* v. *Merchants Bank*, 168 *Ga.* 231 (147 S. E. 111), in support of the contention that the failure of the transferee of the security deed from Simmons to Small to sell the 65-acre tract, upon which there was an outstanding prior lien of $400, made the sale ineffectual to pass title to the 146-acre tract. The disparity between the facts in the cases cited and those of the present case is so great as to make the rules stated in the authorities cited inapplicable in the present case. In both of the cases cited the complaining parties moved promptly; they sought to enjoin the proposed sale; they brought a direct proceeding to contest what was proposed; proper parties were before the court; and the facts relied upon to sustain their contentions were fully set forth. In the present case, there is no direct proceeding to set aside a proposed sale. On the contrary, the present proceeding is purely statutory, except

that the same rules apply with reference to exceptions to the findings of the examiner as apply in equity cases on exceptions to the auditor's findings. Code, § 60-203; *Bird* v. *South Georgia Industrial Co., 150 Ga.* 420 (104 S. E. 232) ; *Manion* v. *Varn, 152 Ga.* 654 (111 S. E. 30). Equitable relief can not be granted in any proceeding without proper parties, allegations, and prayers, to sustain such relief. *Kehr* v. *Floyd Co., 132 Ga.* 626 (64 S. E. 673) ; *Taylor* v. *Colley, 138 Ga.* 41 (74 S. E. 694). In the present case, the attack is made after the death of J. W. Simmons, and approximately twenty years after the sale complained of was actually had. There are no proper parties for cancellation. In all cases the grantor and the grantee (or their legal representatives) must be parties in order for the court to grant the equitable relief of cancellation. J. W. Simmons is dead. He is not a party to this case by his legal representative, and in so far as is shown by this record, there is no representative of his estate. J. W. Simmons in his lifetime did not complain of the failure to include the 65-acre tract in the sale, and W. H. Simmons has no right to make such complaint in this proceeding.

It is next contended that the deed of March 27, 1920, from J. W. Simmons to Mrs. R. E. Small, was not foreclosed, but that another deed dated March 25, 1920, was foreclosed. In support of this contention counsel rely upon the recital in the deed made pursuant to the foreclosure sale that, "whereas on the 25th day of March, 1920 J. W. Simmons . . executed and delivered a deed to secure debt," etc. The examiner found that the recital of the date of March 25, 1920, in the foreclosure deed was purely a clerical error. Without detailing all facts and circumstances sustaining this finding, it is sufficient merely to state that it is amply supported by the evidence.

Whether or not the examiner's finding was demanded by the evidence, the applicant, and those claiming under him, are bound by this finding of fact. The applicant Simmons and Georgia Coating Clay Company filed exceptions identical in substance, and by their exception No. 2 set forth that the eleventh finding of fact of the examiner was as follows: "On April 14, 1925, G. L. Small, as attorney in fact for J. W. Simmons, executed to G. L. Small, as purchaser at the foreclosure sale referred to in Finding of Fact No. 10, a deed conveying the property, title to

which is sought to be registered in this proceeding, in consideration of $750.00. This deed contained the recital: 'Whereas on March 25, 1920, J. W. Simmons executed and delivered to Mrs. R. E. Small a certain note of even date for the sum of $1259.76 with interest from date at the rate of 8% per annum and at the same time executed and delivered a deed to secure debt conveying a certain tract of land in the Pearson District . .' The date, March 25, 1920, contained in said recital was erroneous. The deed intended to be referred to was the deed to secure debt dated March 27, 1920, described in Finding of Fact No. 8. No other deed to secure debt has been executed by J. W. Simmons in favor of Mrs. R. E. Small. The deed above referred to from G. L. Small, as attorney in fact for J. W. Simmons, to G. L. Small was recorded in Book I, page 369, Clerk's Office, Twiggs Superior Court."

The exception to this finding of fact was as follows: "William Henry Simmons excepts to the finding that on April 14, 1925, G. L. Small, as attorney in fact for J. W. Simmons, executed to G. L. Small, as purchaser at the foreclosure sale referred to in Finding of Fact No. 10, and *conveying* the property, title to which is sought to be registered. William Henry Simmons says that this finding is contrary to law and the evidence and contrary to the weight of the evidence and that under the evidence the Examiner should have found that said G. L. Small as attorney in fact for J. W. Simmons executed to G. L. Small as purchaser at the alleged foreclosure sale a deed 'undertaking to convey' the said property."

Clearly, there was no exception to the finding of the examiner that the date, "March 25, 1920," was in error, and that the date should have been "March 27, 1920." The exception as made is vague, indefinite, and uncertain as to what is meant by the contention that, instead of finding that G. L. Small executed a deed "conveying" the property, the examiner should have found that he made a deed "undertaking to convey" the property. If this exception raised any question for determination, it was a question of law and not one of fact, and presented no issue for jury determination. *Griffin* v. *Collins*, 125 *Ga.* 159 (53 S. E. 1004); *Persons* v. *Persons*, 171 *Ga.* 212 (155 S. E. 27).

There was no motion to strike this exception, however, and

we are not here concerned with its validity as presenting a jury question. There was no exception to the examiner's finding of fact that the date of March 25, 1920, referred to in the foreclosure deed, was in error, and that the deed intended to refer to the deed to secure debt dated March 27, 1920. The applicant, and those claiming under him, are bound by the examiner's finding of fact on this issue, to which there was no exception. *Laramore* v. *Jones*, 157 *Ga.* 366 (121 S. E. 411).

Under the rulings previously made, J. W. Simmons was divested of whatever title he had in and to any of the lands described by reason of his deed to secure debt and the foreclosure thereof, dealt with in this division of the opinion, and W. H. Simmons could not have acquired any title under the deed from J. W. Simmons to him, dated June 1, 1938. The order of the trial court reversing the examiner's conclusion of law No. 9, excluding the deed from J. W. Simmons to W. H. Simmons, was therefore error.

The exceptions pendente lite of W. H. Simmons and Georgia Coating Clay Company, assigning error on the order of the court disallowing their exceptions to the examiner's conclusions of law Nos. 2, 4, 5, 6, and 7, are without merit.

The exception to the refusal of the court to allow the introduction of additional evidence requires no ruling. The evidence, if germane, can be introduced upon a retrial of the cause.

■ The trial court reversed the examiner's conclusions of law Nos. 10 and 12, excluding from the evidence the deed of J. W. Simmons to Mrs. A. L. Simmons, dated October 27, 1907, and the deed from Mrs. A. L. Simmons to Mrs. Mattie Lee Simmons, dated March 1, 1944. These conclusions of law involved questions of fact. The findings of fact on which the conclusions were based were excepted to by the Simmonses and the jury found for the exceptions. It can not be said as a matter of law that there was no evidence to support these findings of the jury.

*Judgment reversed on the main bill of exceptions; and affirmed on the cross-bill. All the Justices concur.*